# MILLER KORZENIK SOMMERS LLP

488 MADISON AVENUE NEW YORK, NEW YORK 10022-5702
TEL. 212-752-9200 • FAX 212-688-3996 • WWW.MKSLEX.COM

September 3, 2015                                            VIA ECF

Hon. Edgardo Ramos, U.S.D.J.
United States District Court, S.D.N.Y.
40 Foley Square
New York, New York 10007

Re:     No. 14-CV-7630(ER), Response to Fox News Network, LLC Letter (Doc. 41)

Dear Judge Ramos:

On behalf of Third-Party Defendants The Daily Caller, Inc. ("Daily Caller") and News Distribution Network, Inc. ("NDN"), we write to respond to the letter of Fox News Network, LLC ("Fox") dated August 28, 2015.  Without addressing all of Fox's misstatements, we note:

- Although Fox lacks standing to raise potential conflicts between my firm and its clients, appropriate disclosures were made to Daily Caller and NDN, each has given informed consent to the joint representation, no agreement has been breached, no conflicts have arisen to date, and we will act accordingly should one emerge.

- Fox admits the factors that control in determining a Rule 21 severance, yet advances an artificial restriction noted in dicta for *Rule 42* determinations, not applicable here.

- Fox does not dispute, and thereby concedes, that there are *no common transactions or occurrences* between its counterclaims and the North Jersey Media Group Inc. ("North Jersey") claims, and ignores authority that confirms that severance is warranted despite (i) some claims rooted in the same general law, and even (ii) some common witnesses.  Where, as here, the sets of claims present different transactions and occurrences, different legal questions and different factual issues for witness testimony, the case law favors severance.

- Fox's intention "to prosecute its claims" does not entitle it to complicate discovery and trial with a mass of unrelated legal claims on entirely different facts and intellectual property, thereby increasing the Third-Party Defendants' costs and risk of exposure. [1]  And Fox's claim of prejudice—i.e., that its claims would somehow be rendered "adrift" if they are severed into a separate action—is contradicted by its own assertions as well as the facts here.

**While not Fox's business, there is no disqualifying conflict issue.**  There is no impropriety or conflict in my firm's joint representation of the Third-Party Defendants, or in NDN's production.  Appropriate disclosures have been made by the firm; appropriate consent

---

[1] Defendant Jeanine Pirro's request to discuss her application for attorney's fees against North Jersey at tomorrow's conference is one small illustration of these unrelated claims—and the unnecessary legal costs that Daily Caller and NDN will incur by their counsel's presence.

has been received from the clients; the case is being appropriately monitored for conflicts, and should a conflict emerge, we will act accordingly.  This non-issue does not affect severance. And even as Fox accuses NDN of avoiding discovery, it admits that NDN already has provided some discovery.  Its misconstruction of NDN's production to baselessly suggest impropriety and breach in an attempt to somehow avoid severance should not be credited. ²  In any event, regardless of what counsel they would use, Third-Party Defendants would still seek severance.

   **Fox's Analysis Misrepresents Rule 21.**  Fox admits the factors that control Rule 21, but misguides their application with case dicta that *Rule 42 separate trials* are an exception and not the rule. ³  But "[t]he creation of separate cases and resulting separate judgments provide[s] the key distinction between Rule 42(b) bifurcation and Rule 21 severance." *In re Zyprexa Prods. Liability Litig.,* No. MDL1596, 04-CV-1615, 2004 WL 2812095, at *3 (E.D.N.Y. Dec. 3, 2004)(citation omitted).  Rule 21 severances are unencumbered by that Rule 42 observation, and they are undeniably granted even where less than all factors favor them. *Alessi v. Monroe Cnty.*, No. 07-CV-6163T, 2008 WL 398509, at *2 (N.D.N.Y. Feb. 12, 2008)(severance ordered even though sets of claims both alleged First Amendment and N.Y. Human Rights Law violations, as "the claims [did] not arise out of the same transaction or occurrence").

   Fox's contention that both sets of claims here involve copyright law is thus no bar to severance, particularly as Fox alleges different legal claims (Lanham Act) and, in the North Jersey actions, different legal defenses (e.g., transformative "fair use" of the photo). *Id.*  And as in *Alessi*, even if "many of the same witnesses are likely to be called in each case, that factor alone does not outweigh the several reasons for granting the defendants' motion to sever." *Id.*  Here, even if there were some common witnesses, they would address *different facts*: e.g., using a particular photo to promote TV shows on Facebook, as opposed to displaying certain video clips in news reporting.  And Fox *has* placed "depictions of" its TV hosts at issue in its Lanham Act claims, whether it also claims infringement of the hosts' endorsement rights.  Doc. 22 p.18–19 ¶¶57, 63.

   Fox's suggestion that its claims, if severed, would be left "adrift" if the third-party action is resolved is contradicted by three facts: (1) its claims would simply anchor a new action; (2) North Jersey is seeking the same severance in any event (Doc. 40); and (3) according to Fox, at least NDN will be part of its case against North Jersey, if not as a Third-Party Defendant, then as a witness.  Lastly, Fox's own pleading alleges that at least one of the videos was removed in response to a DMCA notice (Doc. 22 p.13 ¶24), thus rendering suspect its claims to be prosecuting "substantial" damages and facing prejudice if the claims are severed.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | /s/ David S. Korzenik |
| cc:   Counsel of Record via ECF | David S. Korzenik |

---

² *See* New York Rules of Professional Conduct ("Rules"), Preamble: A Lawyer's Responsibilities [12], NEW YORK STATE BAR ASSOCIATION, https://www.nysba.org/WorkArea/DownloadAsset.aspx?id=50671 (last visited Sept. 3, 2015) ("[T]he purpose of the Rules can be subverted when they are invoked by opposing parties as procedural weapons").

³ The single Rule 21 case Fox offers involved plaintiffs' "uniform[ ]" claims against defendants over "the same transactions"—facts indisputably not present here.  *Crown Cork & Seal Co. Master Ret. Trust v. Credit Suisse First Boston Corp.*, 288 F.R.D. 331, 333 (S.D.N.Y. 2013).