UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
NORTH JERSEY MEDIA GROUP INC.,                   :
                                                 :
                              Plaintiff,          :
                                                 :
           - against -                            :          **OPINION AND ORDER**
                                                 :          14 Civ. 7630 (ER)
FOX NEWS NETWORK, LLC,                            :
                                                 :
                              Defendant.          :
--------------------------------------------------------------x
NORTH JERSEY MEDIA GROUP INC.,                   :
                                                 :
                       Third Party Plaintiff,     :
                                                 :
           - against -                            :
                                                 :
THE DAILY CALLER, INC., and NEWS                 :
DISTRIBUTION NETWORK, INC.                        :
                                                 :
                       Third Party Defendants.    :
--------------------------------------------------------------x

Ramos, D.J.:

        New Jersey Media Group ("Plaintiff" or "NJMG") brought two actions, subsequently

consolidated for trial, against Fox News Network, LLC ("Defendant" or "Fox News") alleging

that Fox News infringed on Plaintiff's copyright in its now iconic photograph of three

firefighters raising the American flag at the ruins of the World Trade Center on September 11,

2001 (the "9/11 Photograph") (the "Photo Claims").  Fox News later brought counterclaims

against Plaintiff alleging copyright infringement and false endorsement claims for displaying on

its website three short news video clips owned by Defendant and bearing the Defendant's brand

name (the "Video Counterclaims").  The video clips are unrelated to the 9/11 Photograph or each

other.  Plaintiff in turn filed a Third Party Complaint against the Daily Caller, Inc. (the "Daily

Caller") and News Distribution Network, Inc. ("NDN," and collectively "Third Party

Defendants") seeking indemnification for Fox News' copyright and trademark claims against it (the "Indemnification Claims").  Before this Court is Third Party Defendants' motion, joined by Plaintiff, to sever the Video Counterclaims and the Indemnification Claims from the Photo Claims pursuant to Rule 21 of the Federal Rules of Civil Procedure.  For the reasons discussed below, the motion to sever the Video Counterclaims and the Indemnification Claims is GRANTED.

## I.   Background

Plaintiff filed two related actions against Fox News under the Copyright Act, 17 U.S.C. § 101, alleging that Defendant infringed on the 9/11 Photograph.  In the first action, brought on October 9, 2013, Plaintiff alleges that Jeanine Pirro[1] posted an image that juxtaposed the 9/11 Photograph with the classic World War II photograph of four U.S. Marines raising the American flag on Iwo Jima[2] on a Facebook page associated with Fox News' television program *Justice with Judge Jeanine* (the "*Fox News* Action").  Doc. 1.  On February 20, 2014, NJMG amended its complaint to add Fox News as a defendant.  Doc. 12.  In the second action, brought almost a year later on September 19, 2014, Plaintiff alleges that Fox News posted the 9/11 Photograph with the words "9/11/2001 Never Forget" imposed over the image on a Facebook page associated with another Fox News television program, *Special Report with Bret Baier* (the "*Baier* Action").[3]  Doc. 1.

For reasons not relevant here, it was not until June 11, 2015 that Fox News filed its Answer in the *Baier* Action.  Doc. 22.  Fox News also asserted counterclaims against Plaintiff

---

[1] Ms. Pirro was dismissed from the *Fox News* Action on September 28, 2015.  *See* Doc. 105.

[2] This photograph, taken by Joe Rosenthal, is entitled *Raising the Flag on Iwo Jima*.

[3] The image used on the Facebook page associated with Fox News' television program *Special Report with Bret Baier* does not contain the juxtaposed image of the Iwo Jima photograph and the 9/11 Photograph at issue in the *Fox News* Action.

under the Copyright Act, 17 U.S.C. § 101, for copyright infringement, and the Lanham Act, 15 U.S.C. § 1125(a), for false endorsement, for displaying three short news video clips on its website owned by Defendant and bearing Defendant's brand names and featuring Fox News personalities. *Id.* The three video clips were of (1) a panel discussion entitled "Winners and Losers" originally broadcast on Fox News' *Special Report with Bret Baier*, (2) an interview with New Jersey Governor Chris Christie on *Fox News Sunday* conducted by Chris Wallace, and (3) a public address by President Obama on November 5, 2014. *Id.* ¶¶ 13-17. At the time of the alleged infringement, the video clips were hosted by Third Party Defendant NDN and made available on Plaintiff's website allegedly without Fox News' permission. *Id.* ¶ 23; *see also* Doc. 23 at ¶¶ 14, 16; Doc. 52 at ¶ 14; Doc. 53 at ¶ 14. According to Fox News, a thirty-second advertisement promoting a third-party company played when a user attempted to watch the video clips. Doc. 22 at ¶¶ 22, 31, 36.

At a conference held on June 25, 2015, this Court consolidated the *Fox News* Action and the *Baier* Action for trial and scheduled the trial for January 11, 2016. Hr'g Tr. 2:22-3:2. The parties agreed to wait until the close of discovery, scheduled for October 30, 2015, to decide whether the Video Counterclaims would be included in the January 2016 trial. *Id.* at 6:14-22, 17:17-18:2.

On July 2, 2015, Plaintiff filed its Answer to Fox News' Counterclaims and also filed a Third Party Complaint seeking indemnification for Fox News' counterclaims from NDN and the Daily Caller. Doc. 23. According to Plaintiff, it had the right to provide access to the three video clips pursuant to a contract it entered with NDN on March 22, 2011. *Id.* ¶¶ 7-9, 17. Under that contract, NDN agreed to provide Plaintiff access to content for use on Plaintiff's website, warranted that the content provided did not infringe on any third party's rights, and

agreed to fully indemnify Plaintiff if it did. *Id.* ¶ 8.  Plaintiff further contends that the Daily Caller in turn provided access to the three video clips to NDN as part of a contract between the Daily Caller and NDN whereby the Daily Caller represented and warranted that the content it provided would not infringe on any third party's rights, and agreed to indemnify NDN and the entities NDN distributed content to for any breach of these representations and warranties. *Id.* ¶¶ 10-12, 14.

On August 24, 2015, the Court scheduled a pre-motion conference regarding Third Party Defendants' proposed motion to sever and granted their request to stay discovery in connection with the Video Counterclaims and the Indemnification Claims pending the conference.  Doc. 39. At the pre-motion conference held on September 4, 2015, the Court granted Third Party Defendants leave to file the instant motion and continued the stay of discovery.  Hr'g Tr. 28:8-10, 31:20.

## II.    Discussion

Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."  FED. R. CIV. P. 21.  The moving party bears the burden of demonstrating that "severance is required to avoid prejudice or confusion and to promote the ends of justice." *Agnesini v. Doctor's Assoc., Inc.*, 275 F.R.D. 456, 458 (S.D.N.Y. 2011); *Bey v. City of N.Y.*, No. 99 Civ. 3873 (LMM), 2009 WL 1911742, at *1 (S.D.N.Y. June 30, 2009) (citing *Lewis v. Triborough Bridge & Tunnel Auth.*, No. 97 Civ. 0607 (PKL), 2000 WL 423517, at *2 (S.D.N.Y. Apr. 19, 2000)).  While "[t]he Federal courts view severance as a procedural device to be employed only in exceptional circumstances," *Oram v. SoulCycle LLC*, 979 F. Supp. 2d 498, 503 (S.D.N.Y. 2013); *Agnesini*, 275 F.R.D. at 458 (same); *Cia. Embotelladora del Pacifico v. Pepsi*

*Cola Co.*, 256 F.R.D. 131, 133 (S.D.N.Y. 2009) ("[T]he joinder of claims is 'strongly

encouraged' and severance should generally be granted only in 'exceptional circumstances.'"

(citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966); *Hatfield v. Herz*, 9 F.

Supp. 2d 368, 373 (S.D.N.Y. 1998)), district courts have broad discretion to sever any party or

claim from an action.  *See Cia. Embotelladora del Pacifico*, 256 F.R.D. at 133; *see also Smith v.*

*Lightning Bolt Prods., Inc.*, 861 F.2d 363, 370 (2d Cir. 1998).[4]

        In deciding whether to sever a claim under Rule 21, courts consider:  "(1) whether the

claims arise out of the same transaction or occurrence; (2) whether the claims present some

common questions of law or fact; (3) whether settlement of the claims or judicial economy

would be facilitated; (4) whether prejudice would be avoided if severance were granted; and (5)

whether different witnesses and documentary proof are required for the separate claims."  *Oram*,

979 F. Supp. 2d at 502-03; *In re Merrill Lynch & Co., Inc. Research Reports Secs. Litig.*, 214

F.R.D. 152, 154-55 (S.D.N.Y. 2003).[5]  Courts within this Circuit have stated that "[s]everence

---

[4] As an initial matter, Fox News questions whether Third Party Defendants have standing to bring a motion to sever the Video Counterclaims, which they are not a party to.  Def.'s Opp'n Mem. at 9.  Third Party Defendants rely on Federal Rule of Civil Procedure 14(a)(2)(C) as the basis for their ability to make the motion, which states that "'third-party defendant' . . . may assert against the plaintiff any defense that the third-party plaintiff has to the plaintiff's claim[.]"  *See* Third Party Defs.' Mem. at 6 n.5; *see also* 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1457 (3d ed.) ("Since the third-party defendant cannot relitigate the question of defendant's liability to plaintiff, this provision prevents any prejudice that might result from the third-party plaintiff's failure to assert a particular defense against plaintiff." (citations omitted)).  Notwithstanding whether Rule 14 allows Third Party Defendants to make their motion under these circumstances, Plaintiff NJMG, who is a party to the Video Counterclaims, joins the motion to sever.  *See* Declaration of William Dunnegan ("Dunnegan Decl.").  Pursuant to Rule 21, this Court may also sever claims *sua sponte*, and for the reasons set forth below, concludes that severance is warranted on the facts of this case.  FED. R. CIV. PRO. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.");  *see also Esposito v. Ocean Harbor Cas. Ins. Co.*, No. 13 Civ. 7073 (SJF), 2013 WL 6835194, at *1, *5 (E.D.N.Y. Dec. 19, 2013) (severing one plaintiff's claim *sua sponte* pursuant to Rule 21).

[5] Courts consider the same factors when evaluating whether to order separate trials of separate issues or claims under Federal Rule of Civil Procedure 42(b).  *See Crown Cork & Seal Co., Inc. Master Retirement Trust v. Credit Suisse First Boston Corp.*, 288 F.R.D. 331, 332 n.1 (S.D.N.Y. 2013) ("The considerations of Rule 42(b)—judicial economy, prejudice, and convenience—are substantially the same as those of Rule 21.");  *Lewis*, 2000 WL 423517, at *2 ("Factors to be considered [in a motion under Rule 42(b)] include: "(1) whether the issues sought to be tried separately are significantly different from one another; (2) whether the severable issues require the testimony of different witnesses and different documentary proof; (3) whether the party opposing the severance will be prejudiced

requires the presence of only one of these conditions." *See Cestone v. General Cigar Holdings, Inc.*, No. 00 Civ. 3686 (RCC), 2002 WL 424654, at *2 (S.D.N.Y. March 18, 2002) (citing *Lewis*, 2000 WL 423517 at *2); *Ricciuti v. New York City Tr. Auth.*, 796 F. Supp. 84, 86 (S.D.N.Y. 1992).  However, these same courts have generally granted severance only after finding more than one of the conditions was met.  *See, e.g.*, *Cestone*, 2002 WL 424654, at *2-3 (noting that only one of the five conditions needed to be present to sever a claim but granting severance only after finding that all five conditions favored severance); *Ricciuti*, 796 F. Supp. at 86 ("Convenience and judicial economy alone dictate bifurcation.  But defendants make another argument that compels this result, asserting that separate trials are necessary to avoid prejudice.").  Accordingly, the Court analyzes all five factors.

### A.  Arise Out of the Same Transaction or Occurrence

While "[t]here is no rigid rule as to what constitutes the same series of transactions or occurrences," courts "repeatedly have interpreted the phrase 'same transaction' to encompass 'all logically related claims.'"  *Agnesini*, 275 F.R.D. at 458-59 (citing *Blesedell v. Mobil Oil Co.*, 708 F. Supp. 1408, 1421 (S.D.N.Y. 1989)); *Todaro v. Siegel Fenchel & Peddy, P.C.*, No. 04 Civ. 2939 (JS), 2008 WL 682596, at *2 (E.D.N.Y. March 3, 2008) ("district courts in this Circuit generally permit all logically related claims by or against different parties to be tried in a single proceeding." (internal citations and quotations omitted)); *see also Costello v. Home Depot U.S.A., Inc.*, 888 F. Supp. 2d 258, 263 (D. Conn. 2012).  Fox News concedes that the Photo

---

if it is granted; and (4) whether the party requesting the severance will be prejudiced if it is not granted."); *Sutton Hill Assoc. v. Landes*, No. 87 Civ. 8452 (PKL), 1988 WL 56710, at *2 (S.D.N.Y. May 25, 1988) ("Under either rule, the same concerns are considered by the Court, namely, convenience of the parties, avoiding prejudice, and promoting expedition and economy.").  The difference between Rules 21 and 42(b) is that Rule 21 results in two separate actions with two separate judgments while Rule 42(b) results in separate trials but only one judgement.  *See Sutton Hill Assoc.*, 1988 WL 56710, at *2.  Third Party Defendants bring their motion pursuant to Rule 21 but both parties rely on cases discussing Rule 42(b).

Claims and Video Counterclaims do not arise from the same transactions.  Def.'s Opp'n Mem. at 2, 3.  It nonetheless contends that they arise out of *similar* transactions because "[b]oth sets of claims allege that one media company used another media company's copyrighted content without permission."  *Id.* at 14.  However, courts have generally denied severance on the basis that the claims were logically related in situations where there was also an allegation that the defendants' wrongdoing occurred pursuant to a policy or practice.  *See Costello*, 888 F. Supp. 2d at 264 (collecting cases); *see also Lewis*, 2000 WL 423517, at *5 ("Despite factual differences in their respective claims, [the two plaintiffs] allege a similar pattern of sexual harassment that was exacerbated by their supervisor's continued indifference to their situation.").  Here, however, neither party is seeking to prove a pattern or practice of infringement, but rather are seeking to prove isolated instances of infringement of different copyrighted works.  "Where, as here, plaintiffs' claims under the same statutory framework arise from different circumstances and would require separate analyses, they are not logically related."  *Costello*, 888 F. Supp. 2d at 264; *Levine v. Fed. Deposit Ins. Corp.*, 136 F.R.D. 544, 550 (D. Conn. 1991) (report and recommendation) ("Generally, counterclaims are severable when they are based upon an entirely different factual situation from that upon which the plaintiff's claims are based") (citing *T.S.I. 27, Inc. v. Berman Enter., Inc.*, 115 F.R.D. 252, 254 (S.D.N.Y. 1987); *Spencer, White & Prentis, Inc. v. Pfizer, Inc.*, 498 F.2d 358, 362 (2d Cir. 1974)).  Thus, the first factor favors severance.

## B.  Some Common Questions of Law or Fact

There is no dispute that while the Photo Claims and Video Counterclaims involve common issues of law arising under the Copyright Act, the claims are based on completely different facts:  different copyrighted works, created on different media, infringed upon at different times, by different parties, within different media channels.  *See Baier* Compl. ¶¶12-18;

*Fox News* Am. Compl. ¶¶ 13-18; *Baier* Answer & Counterclaims ¶¶ 39-55, Aff. Defs. 2, 3; *Baier* Answer to the Third Party Complaint ¶¶ 11-14.  Courts have severed claims under similar circumstances, where the statutory basis of the claims are the same but the facts underlying those claims are different.  *See S.E.C. v. Pignatiello*, No. 97 Civ. 9303 (SWK), 1998 WL 293988, at *3 (S.D.N.Y. June 5, 1998) (granting severance of two claims asserting securities fraud under Section 10(b) and Rule 10b–5 based on two separate securities fraud schemes where each claim involved different co-defendants, different common stock, a different contract, different start dates, and a different method of compensating the defendant and the only similarities were that both schemes were organized by the defendant and aided and abetted by the same individuals); *Alessi v. Monroe Cnty.*, No. 07 Civ. 6163 (MAT), 2008 WL 398509, at *2 (W.D.N.Y. Feb. 12, 2008) (severing claims that asserted violations of the First Amendment and New York Human Rights law where each plaintiff had separate dealings with the defendant and their claims arose out of separate incidents).

Moreover, Fox News is also asserting claims under the Lanham Act that are not raised in connection with the Photo Claims and have no relationship, factually or legally, to the Photo Claims.  Answer & Counterclaims ¶¶ 56-73.  NDN and the Daily Caller also had no involvement in the events underlying the Photo Claims; their involvement is limited to the Video Counterclaims and the Indemnification Claims.

Fox News contends that at least two common questions of fact are presented by the claims:  (1) whether the secondary uses of the 9/11 Photograph by Fox News and the video clips by Plaintiff were "commercial," and (2) the extent to which NJMG manages its online content.  Def.'s Opp'n Mem. at 16.  However, the analysis required to answer these questions in the context of the Photo Claims and Video Counterclaims is different.  The first issue, the different

nature of the infringing uses—posting the 9/11 Photograph on the Facebook pages of two Fox

News personalities versus posting video clips on Plaintiff's website—raises distinct questions

with regard to whether these uses are properly considered commercial.  For example, Fox News

alleges that third party advertisements preceded the video clips while NJMG makes no

allegations regarding third party advertising in the Photo Claims.  The second issue—how

Plaintiff manages its online content—also requires an analysis of a different set of facts.  Fox

News contends that NJMG's failure to enforce its copyright in the 9/11 Photograph or to use any

"meaningful rights-management technology" to protect its copyright is relevant to the Photo

Claims, while separately arguing that how Plaintiff selects content for use on its website and how

it polices its website for infringing content is relevant to the Video Counterclaims.  *Id.*  While the

legal concepts at issue may overlap, the relevant facts do not.[6]  The second factor also favors

severance.

### C.  Overlap of Witnesses and Documentary Proof

Fox News expressly acknowledged the lack of documentary overlap between the claims

at a hearing held before this Court on June 25, 2015.  In response to the Court's inquiry

regarding when discovery could be completed in the *Fox News* and *Baier* Actions, Defendant

stated that

> There's going to be considerable overlap between [*Fox News*] and
> Baier, but it's not complete, ***and certainly the counterclaims have
> almost no overlap*** . . . . And we also haven't taken any discovery

---

[6] Fox News' reliance on *Agnesini*, 275 F.R.D. at 459 is misplaced.  In *Agnesini*, New York customers and North Carolina customers filed claims against a restaurant franchisor for injuries allegedly caused when customers found a large knife baked into their bread at the franchisor's New York and North Carolina restaurants.  *Id.* at 458.  The franchisor moved to sever the North Carolina customer's claims under Rule 21.  *Id.*  The court acknowledged that the New York and the North Carolina plaintiffs' claims related to events that occurred on different dates, in different states, and at different franchises but denied severance because a logical relationship between the claims—the bread distributed to franchisees came from a common source—and common questions of law—whether the franchisor may be held vicariously liable for the plaintiffs' injuries—existed between both claims.  *Id.* at 459.  Unlike here, however, the Court found that the common legal questions required the analysis of facts common to both claims.

> at all about the counterclaims, ***which have nothing to do with what Mr. Dunnegan has produced previously*** [in the *Fox News* Action]."

Hr'g Tr. 12:25-13:9, 15:23-25 (emphasis added).  Accordingly, the overlap of documentary proof between the Photo Claims and the Video Counterclaim is, at most, minimal.

    With regards to witness overlap, Fox News identifies five witnesses, three from Fox News and two from NJMG, that it contends will need to testify in connection with both the Photo Claims and the Video Counterclaims.  Defs.' Opp'n Mem. at 6, 17-18.  However, there is only limited substantive overlap concerning the subject matter of their testimony.[7]  Moreover, Defendant ignores the fact that independent evidence from NDN and the Daily Caller is required for the Video Counterclaims and the Indemnification Claims but is not required for the Photo Claims.  Claims brought under the Lanham Act also likely require expert witness(es), not required by the Photo Claims.  Hr'g Tr. 13:6-9.

    While "[n]early every trial involving multiple defendants will involve some separate issues of fact that call for testimony from different witnesses on entirely unrelated matters[, t]he more appropriate question . . . is whether separate trials will require substantial overlap of

---

[7] Fox News identifies two of Plaintiff's employees who will provide testimony regarding both the Photo Claims and the Video Counterclaims, but the substance of their testimony does not overlap between the claims.  *See id.* at 17 (Jennifer Borg, Plaintiff's Vice President and General Counsel, and Amre Youssef, Plaintiff's Director of Content Syndications and Archives, will testify about NJMG's licensing practices regarding the 9/11 Photograph at issue in the Photo Claims and, separately, will testify about NJMG's relationship with and practice of syndicating content through NDN with regard to the Video Counterclaims).  The topic of two other witnesses' testimony identified by Fox News will have some relevance to the fair use defense raised in both claims as it will presumably address how Fox News generally earns revenue, but the specific topics of their testimony—that Fox News generated no revenue from the 9/11 Photograph posted on Facebook but lost advertising revenue from the video clips being posted on NJMG's website—does not overlap.  *See id.* at 17-18 (testimony of Zachary Friedman, Defendant's Vice President of Digital Ad Sales, and Dominic Rossi, Defendant's Vice President of Eastern Sales for Television).  Fox News, however, does identify one witness whose testimony is relevant to both the Photo Claims and the Video Counterclaims.  *See id.* at 18 (Diana Brandi, Fox News' Executive Vice President of Business and Legal Affairs, will testify regarding Defendant's licensing practices and how Defendant decides to license content, which is directly relevant to the Photo Claims and to Third Party Defendants' fair use defense raised against the Video Counterclaims).

witnesses or documentary proof." *Lewis*, 2000 WL 423517, at *4.  Here, there is indisputably

some overlap between witnesses and the subjects they will testify to, but it is not substantial, and

it does not warrant a joint trial.

### D.  Facilitates Settlement or Judicial Economy

Third Party Defendants contend that severance will facilitate settlement thereby

preserving judicial resources.  *See* Third Party Defs.' Mem. at 10.  The Court, however, is

unconvinced.  Prior to the Third Party Defendants entry into this action, Fox News and NJMG

reached a preliminary settlement that ultimately was not finalized.  Docs. 15, 16, 87, 88.

Moreover, while Third Party Defendants assert the potential for settlement, they make no

representations to support this assertion and include as an affirmative defense to the

Indemnification Claim Plaintiff's alleged lacked of cooperation.  *See* Answer to Third Party

Compl. ¶¶ 4, 5.  There is thus nothing in the procedural history of this matter or the litigation

strategies employed by the parties to suggest that severance will hasten settlement.

Notwithstanding the potential settlement of the claims, whether judicial economy is best

served by severing the claims turns on whether the Court believes that having one trial

encompassing all claims will be more efficient than having separate trials.  While one trial is

usually more efficient than two, *see Lewis*, 2000 WL 423517, at *4 n.3 (recognizing that

"[b]ecause having two trials would necessitate two sets of pretrial motions, two sets of pretrial

orders, two sets of jury charges, and the possibility of having to select two different juries,

extracting this one issue out of the 'main' trial may in fact lead to greater delay and expense.");

*Dayton Monetary Assoc. v. Donaldson, Lufkin & Jenrett Sec. Corp.*, No. 91 Civ. 2050 (SHS),

1999 WL 159889, at *2 (S.D.N.Y. Mar. 22, 1999) (same), this is not always the case.  *See*

*Cestone*, 2002 WL 424654, at *3 (finding "[t]wo shorter trials will be more efficient and less

expensive than one long, combined trial in which the Court must constantly caution the jury to not consider evidence that is irrelevant or inadmissable against a particular Defendant.").

Fox News claims judicial economy would be advanced by a single trial and highlights that the only party that would not have to endure two trials if the claims were severed would be Third Party Defendants.  Def.'s Opp'n Mem. at 3, 10-11.  Even accepting that efficiencies may be gained by having one trial, the impact of those efficiencies is significantly lessened when the lack of overlap in the documentary evidence and witness testimony between the claims is taken into account.  *See supra* Section II.C.  Specifically, it makes sense to consolidate the Photo Claims because they involve the same copyrighted work, infringed by the same entity, in essentially the same way.  This is not true of the Video Counterclaims.

Moreover, the trial of the Photo Claims was scheduled even before the Third Party Complaint was filed.  Thus, in accordance with the Court's previously entered schedule, discovery in the Photo Claims is essentially complete and the claims are ready for trial. Discovery on the Video Counterclaims or the Indemnification Claims, on the other hand, have not yet even begun.  *See Katsaros v. Cody*, 744 F.2d 270, 278 (2d Cir. 1984) (finding it was not an abuse of discretion for the district court to sever third party claims where those claims were "still early in discovery" and the other claims were trial-ready); *Augme Tech., Inc. v. AOL Inc.*, No. 09 Civ. 4299 (RWS), 2012 WL 2402065, at *3 (S.D.N.Y. June 26, 2012) (finding all five factors favored severance, including the fact that discovery on one claim was just beginning while discovery on the other claims had been ongoing).  While the Court acknowledges that discovery on the counterclaims was stayed at Third Party Defendants' request, *see* Hr'g Tr. 30:16-31:20, because of the limited overlap in evidence between claims, the efficiencies identified by Defendant are marginal and do not counsel against severance.

### E.  Avoids Prejudice

"Severance is appropriate where a joint trial could lead to confusion of the jury." *Costello*, 888 F. Supp. 2d at 265 (citing *Deskovic v. City of Peekskill,* 673 F. Supp. 2d 154, 171 (S.D.N.Y.2009)); *Blesedell*, 708 F. Supp. at 1422 ("the confusing nature of multiple claims and multiple demands for relief may be relevant to a demand for severance in a jury trial").  Third Party Defendants claim that a single jury trial on all claims increases their risk of exposure because the jury may confuse or conflate the Photo Claims with the Video Counterclaims.  Third Party Defs.' Mem. at 2.  Moreover, Third Party Defendants and NJMG allege that Defendant purposely brought the counterclaims specifically to confuse the jury or otherwise gain a strategic advantage.  Third Party Defs.' R. Mem. at 1, 5 n.5; Dunnegan Decl. ¶ 2.  Notwithstanding Defendant's intentions or the potential for confusion, the Court may mitigate the risk of unfair prejudice or confusion by issuing cautionary instructions, which "there is a presumption that jurors will follow[.]"  *Oram*, 979 F. Supp. 2d at 504; *Todaro*, 2008 WL 682596, at *4 (citing *Lewis*, 2000 WL 423517, at *5 ("any prejudice or confusion can be remedied by a carefully drafted jury instruction.")).  Thus, this concern does not counsel in favor of severance.

However, Third Party Defendants were not a party to this action until July 2, 2015 and are rightfully concerned about the costs they may incur by being forced to engage in expedited discovery while preparing for a fast-approaching trial that includes claims they have nothing to do with.  *See Wausau Bus. Ins. Co. v. Turner Const. Co.*, 204 F.R.D. 248, 250 (S.D.N.Y. 2001) (finding that the third party defendant "would be significantly prejudiced by having to defend in this multiparty action so soon after becoming parties, without having adequate time to conduct discovery or prepare pretrial motions.  At the same time, to delay this trial in order to give [third party defendant] . . . more time to prepare would not be conducive to expedition and economy,

given that . . . the remaining parties are trial-ready."). While Fox News is also rightfully concerned about the increased costs associated with having two separate trials between the two same parties, *see Lewis*, 2000 WL 423517, *4 n.3 (recognizing that the plaintiff "may be prejudiced by having to endure the delay and expense of two separate trials"); *Dayton Monetary Assoc.*, 1999 WL 159889, at *2, its assertion that it will suffer increased discovery costs if the claims are tried separately is unconvincing based on the lack of significant overlap in evidence between claims and the fact that discovery is essentially complete with respect to the Photo Claims. *See supra* Section II.C.  On balance, this factor favors severance.

**III.    Conclusion**

Accordingly, the Court finds that all five factors favor severing the Video Counterclaims and the Indemnification Claims from the Photo Claims.  For the foregoing reasons, Third Party Defendants' motion to sever is GRANTED.  The Clerk of the Court is respectfully directed to terminate the motions, Docs. 44 and 74.


IT IS SO ORDERED.


Dated:    November 20, 2015
          New York, New York

                                        Edgardo Ramos, U.S.D.J.

14