UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
NORTH JERSEY MEDIA GROUP INC.,      :
             :
          Plaintiff,      :
             :
   - against -        :        **OPINION AND ORDER**
             :          14 Civ. 7630 (ER)
FOX NEWS NETWORK, LLC,        :
             :
          Defendant.   :
-----------------------------------------------------------------x
NORTH JERSEY MEDIA GROUP INC.,      :
             :
          Third Party Plaintiff,   :
             :
   - against -        :
             :
THE DAILY CALLER, INC., and NEWS     :
DISTRIBUTION NETWORK, INC.      :
             :
          Third Party Defendants.   :
-----------------------------------------------------------------x

<u>Ramos, D.J.</u>:

      Fox News Network, LLC ("Defendant" or "Fox News") objects to the order issued by

Magistrate Judge Frank Maas on November 4, 2015 (the "Order") granting in part New Jersey

Media Group's ("Plaintiff" or "NJMG") motion to compel the production of documents and two

depositions.  For the reasons discussed below, the Order is AFFIRMED.

## I.    Background[1]

      On October 23, 2015, NJMG filed a letter requesting this Court hold a pre-motion

conference in anticipation of its motion to compel, *inter alia*: (1) the production of thirty-six

documents previously produced by Fox News under seal in an unrelated action, *Fox News*

---

[1] This Opinion discusses only those facts necessary to decide the instant motion.  Familiarity with the underlying
facts and procedural history of this matter is otherwise presumed.

*Network, LLC v. TVEyes, Inc.*, 13 Civ. 5315 (AKH) (the "*TVEyes* Action); and (2) the

depositions of two Fox News employees, Dan Cohen ("Cohen"), and Jason Ehrich ("Ehrich").

Doc. 63.  The thirty-six documents include, *inter alia*, legal briefs and supporting documents

filed in the *TVEyes* Action that purportedly contain admissions made by Fox News that may

contradict positions taken in this action.  *Id.*; Def.'s Objections at 6.  Fox News objected to their

production on the basis that the documents are (1) irrelevant because they do not bear on the

potential market of the 9/11 Photograph, Declaration of Benjamin A. Fleming ("Fleming Decl.")

¶ 28; Def.'s Objections at 8, 10; Hr'g Tr. 23:19-24:8; (2) overbroad because they are publically

available, albeit in redacted form, and NJMG does not identify the specific information they

purportedly need, Fleming Decl. ¶ 28; Def.'s Objections at 8; and (3) "highly confidential and

sensitive," Fleming Decl. ¶ 28; Def.'s Objections at 2, 13.  NJMG wants to depose Cohen

concerning his involvement in the purchase of a license in August 2014 for the right to unlimited

television use of the 9/11 Photograph for the next fifteen years, Doc. 63; Fleming Decl. ¶ 2; Hr'g

Tr. 30:13-15; and to depose Ehrich about a specific presentation he made concerning the

integration of social media and television broadcasting.  Doc. 63; Hr'g Tr. 31:15-22.  Fox News

objected to both depositions on the basis that they were duplicative and unduly burdensome.

Doc. 63; Def.'s Objections at 6.  The Court referred this dispute to Judge Maas.  Doc. 64.

   On November 4, 2015, Judge Maas held a hearing to decide the dispute.  For the reasons

set forth on the record of the hearing, Judge Maas granted in part and denied in part NJMG's

requests.  Doc. 75.  Specifically, Judge Maas granted NJMG's request to compel production of

the thirty-six documents previously produced in the *TVEyes* Action, but denied its request for the

production of their attachments, which included an additional 571 documents.  *Id.*; Hr'g Tr.

27:19-24.  Judge Maas further directed Fox News to produce the thirty-six documents

unredacted, except that any redactions requested by TVEyes—the defendant in that action—may remain, and to mark the documents "For Attorneys' Eyes Only."  Doc. 75.  Judge Maas also granted NJMG's request to depose Cohen and Ehrich but limited the scope of Ehrich's deposition.  *Id.*

Fox News filed its objections to Judge Maas' Order on November 12, 2015.  Doc. 78. NJMG filed its responses on November 18, 2015.  Doc. 85.

## II.   LEGAL STANDARD

Fox News moves pursuant to Rule 72 to overrule Judge Maas' Order.  The applicable standard of review of a magistrate judge's decision turns on whether the issue is dispositive or nondispositive.  *See Sokol Holdings, Inc. v. BMB Munai, Inc.*, No. 05 Civ. 3749 (KMW) (DCF), 2009 WL 3467756, at *3 (S.D.N.Y. Oct. 8, 2009).  Pretrial discovery motions are considered nondispositive and are reviewed for clear error.  *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990); *Gruss v. Zwirn,* No. 09 Civ. 6441 (PGG) (MHD), 2013 WL 3481350, at *5 (S.D.N.Y. July 10, 2013); Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Therefore, Judge Maas' Order should be upheld as long as the factual and legal basis supporting the ruling are not clearly erroneous or contrary to law.  *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).

"A ruling is clearly erroneous where, although there is evidence to support it, the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed."  *Gruss*, 2013 WL 3481350, at *5 (internal quotations omitted).  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure."  *Id.*  This is a highly deferential standard, and "[t]he party seeking to overturn a magistrate judge's decision thus carries a heavy burden."  *U2 Home Entm't, Inc. v. Hong Wei*

3

*Int'l Trading Inc.,* No. 04 Civ. 6189 (JFK), 2007 WL 2327068, at *1 (S.D.N.Y. Aug. 13, 2007) (finding a magistrate judge's orders on discovery matters are entitled to considerable deference); *Gruss*, 2013 WL 3481350, at *5 ("Magistrate judges are given broad latitude in resolving discovery disputes").

"Rule 72(a) [also] precludes the district court from considering factual evidence that was not presented to the magistrate judge." *Thai Lao Lignite (Thailand) Co., Ltd. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013), *appeal withdrawn* (Nov. 7, 2013) (citing *Haines v. Liggett Grp., Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("The district court is not permitted to receive further evidence; it is bound by the clearly erroneous rule in reviewing questions of fact."); *State Farm Mut. Auto. Ins. Co. v. CPT Med. Servs.*, 375 F. Supp. 2d 141, 158 (E.D.N.Y. 2005) ("refusing to consider new evidence on nondispositive issue based on reading of Rule 72 and lack of case law to the contrary")). The Court accordingly confines its analysis to the factual record before Judge Maas.

## III.   Discussion

### A.   The Thirty-Six Documents

Fox News contends that Judge Maas' ruling improperly authorized the production of overly broad document requests that were unduly burdensome and not "reasonably calculated to lead to the discovery of admissible evidence." Def.'s Objections at 9-11.[2]  NJMG contends that

---

[2] In its objections, Fox News puts forth a new argument not presented to Judge Maas at the November 4 hearing. At the hearing, Fox News argued that the thirty-six documents should not be produced because they contain highly sensitive and confidential information filed under seal. Hr'g Tr 22:5-12. Fox News, however, did not argue at the hearing that NJMG should not be given access to this highly confidential and sensitive commercial and financial information because NJMG previously violated the protective order by inappropriately handling and storing Fox News' confidential agreement with the Associate Press. Def.'s Objections at 2, 4-5, 13. "Given that Rule 72(a) limits a district court's consideration of a magistrate's rulings to whether the decision was clearly erroneous based on the evidence and information before her," the Court does not consider Fox's new argument regarding NJMG's alleged prior violation of the protective order. *See Thai Lao Lignite (Thailand) Co., Ltd.*, 924 F. Supp. 2d at 520.

the thirty-six partially redacted documents are relevant because "they appear to contradict the factual positions" and "create tension with the facts that Fox News is asserting in this case." Doc. 63.  For example, while Fox News claims in the instant action that there is no market for the 9/11 Photograph on social media, in the *TVEyes* Action it claims that there is a market for Fox News' television broadcasts on social media.  *Id.*  NJMG specifically identified paragraphs 24 and 25 in Fox News' findings of facts and conclusions of law in the *TVEyes* Action as containing relevant but redacted information.  *Id*; Fleming Decl. ¶ 26.  Paragraph 24 states that "Video Clips of television news content are licensed for internal use, social media post, and web-based advertising," while Paragraph 25 is redacted in its entirety.  Doc. 63; Fleming Decl. ¶ 26. Because of this redaction, NJMG claims that it would be difficult to rely on paragraph 24 at trial because the redacted information may impact paragraph 24's meaning or significance.  Doc. 63; Hr'g Tr. 28:2-20.[3]

At the November 4 hearing, Fox News did not dispute that paragraph 24 is "potentially relevant" based on NJMG's theory of the case, Hr'g Tr. 28:2-6, but disputed the relevancy of the redacted portion.  Specifically, Fox News argues that most of the information in the thirty-six documents, including paragraph 24, is public, the redacted information is not clearly relevant, and to unredact this potentially irrelevant information is unduly burdensome.  *Id.* 26:24-27:24. Additionally, Fox News argues that any alleged licensing market Fox News has in its own broadcasts is not relevant to the market for NJMG's 9/11 Photograph.  *Id.* 24:1-8 (distinguishing between the potential markets for Fox News' television broadcasts and the 9/11 Photograph); Def.'s Objections at 10.

---

[3] After the November 4 hearing, Fox News learned that Paragraph 25 consisted of information designated confidential by either *TVEyes* or a non-party.  Fleming Decl. ¶ 31.  Accordingly, paragraph 25 will remain redacted pursuant to Judge Maas' Order.  *See* Doc. 75.

After reviewing some of the redacted thirty-six documents, including paragraphs 24 and 25, Hr'g Tr. 28:21-29:11; Fleming Decl. ¶ 30, Judge Maas acknowledged that the relevancy of the thirty-six documents was marginal.  *See* Hr'g Tr. 29:13-15 (noting that the thirty-six documents were "at the fringes of relevance and there is a certain degree of speculativeness to [NJMG's] request").  However, Judge Maas ultimately agreed with NJMG's argument that the documents arguably represented "admissions . . . on behalf of Fox News" and that it would be difficult for NJMG to use these admissions without having seen the unredacted documents.  *Id.* 29:15-19.  Taking into account Fox News' position that it would be unduly burdensome to review, remove redactions from, and produce over five hundred documents, Judge Maas then carefully weighed the relevancy of the documents against the burden to Fox News to produce them and determined that Fox News need only produce the thirty-six documents and not the 571 attachments.  *Id.* 30:2-9; Doc. 75.  Judge Maas' determination is clearly based on the facts and not contrary to applicable law.  Accordingly, the Order was not clearly erroneous.  Fox News' arguments to the contrary merely ask this Court to second guess Judge Maas' determinations, which this Court cannot do in the absence of a "firm conviction that a mistake has been committed."

### B.  The Cohen And Ehrich Depositions

Fox News objects to the Order compelling the depositions of both Cohen and Ehrich as duplicative and unduly burdensome.  Def.'s Objections at 14.  Regarding the Cohen deposition, NJMG seeks to depose Cohen because they anticipate calling him as a witness at trial to testify about purchasing a license to use the 9/11 Photograph in August 2014.  Doc. 63; Hr'g Tr. 30:13-22, 31:4-10.  Fox News contends that Cohen's deposition is duplicative of the deposition testimony it has already agreed to provide via a Rule 30(b)(6) witness on the facts and

circumstances surrounding Fox News' licensing and use of the 9/11 Photograph.  Def.'s

Objections at 15; Hr'g Tr. 37:5-15.

Judge Maas originally denied without prejudice NJMG's request to depose Cohen

explaining that "if the 30(b)(6) witness was for some reason inadequate [NJMG could] renew the

application."  Hr'g Tr. 37:19-23.  However, NJMG reiterated that they were seeking to depose

Cohen in anticipation of calling him to testify at trial and that the 30(b)(6) witness, who may or

may not testify at trial, was not a proper substitute.  *Id.* 37:24-38:10.  In response to questioning

from Judge Maas, NJMG agreed that it was seeking to depose Cohen not only in regards to

obtaining the license, but also on topics potentially not covered by the 30(b)(6) witness,

including any training he may have received in relation to obtaining the license.  *Id.* 37:24-38:15.

Accordingly, Judge Maas allowed NJMG to depose Cohen because the testimony between

Cohen and the 30(b)(6) witness would arguably not be entirely duplicative.  While Fox News

argues that Judge Maas' reasoning would allow any of Fox News' employees to be deposed,

Def.'s Objections at 15, it is clear that Judge Maas simply allowed the deposition of *this*

employee in connection with an issue very much at the heart of this case.  Accordingly, the Court

finds Judge Maas' decision was not clearly erroneous.

The deposition of Ehrich presents a different issue because he was previously deposed in

the related action *North Jersey Media Grp., Inc. v. Fox News Network, LLC*, No. 13 Civ. 7153

(ER).  Hr'g Tr. 31:12-13.  Ehrich is Fox News' Director of Social Media and at his first

deposition was asked questions regarding Fox News' policies for social media.  *Id.* 31:15-17.

However, NJMG subsequently learned that in November 2013, after he was initially deposed,

Ehrich gave a presentation to Fox News employees at the Fox News Washington, D.C. bureau on

the methods of using social media and how to integrate social media with television

broadcasting.[4]  *Id.* 31:17-21, 32:5-14, 34:16-18, 36:1-4; *see also* Fleming Decl. ¶ 23; Pl.'s Objections at 3.  NJMG requested that Fox News produce this presentation but Fox News was unable to locate it.  Hr'g Tr. 32:15-21.  Accordingly, NJMG now wants to depose Ehrich again to address that particular presentation.  Doc. 63.

Fox News argues that a second deposition of Ehrich is duplicative and unfair because NJMG knew Ehrich's title at the first deposition and had the opportunity then to ask about his involvement in "social media initiatives."  Def.'s Objections. at 14; Hr'g Tr. 35:21-25. Moreover, Fox News claims that Ehrich's testimony is irrelevant because Ehrich was not involved in and did not supervise the Facebook pages that the allegedly infringing images were posted to.  Def.'s Objections at 14.   Judge Maas ultimately rejected Fox News' arguments and granted NJMG's request to depose Ehrich because, as confirmed by NJMG, it was unaware that this presentation existed at the time of Ehrich's first deposition.  Hr'g Tr. 35:17-36:6.  To address Fox News' arguments, however, Judge Maas limited Ehrich's deposition to topics regarding the presentation, which he previously was not questioned about.  *Id.* 36:20-25 ("I will permit the deposition but restrict it to the social media road show, any materials that relate to that, their whereabouts and if they can't be found issues relating to spoliation," and "the search" for the presentation).  In light Judge Maas' careful weighing of the parties' respective interests, the Court again finds nothing in the Order clearly erroneous.

Fox News requests that if the depositions of Cohen and Ehrich are allowed to proceed that this Court limit those depositions to no more than thirty minutes each.  Def.'s Objections at 16 n.4.  The Court denies this request, but directs that the Cohen deposition be limited to two hours and the Ehrich deposition also be limited to two hours.

---

[4] Judge Maas refers to this presentation as a "road show."  *See, e.g.*, 35:17-19.

**IV.      Conclusion**

  For the foregoing reasons, Fox News' objections are DENIED and the Order is

AFFIRMED.


IT IS SO ORDERED.


Dated: November 23, 2015
    New York, New York

                _____
                Edgardo Ramos, U.S.D.J.