UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

NORTH JERSEY MEDIA GROUP INC.,    :

        Plaintiff,  :

  -against-         13 Civ. 7153 (ER)

           :

FOX NEWS NETWORK, LLC,     ECF Case

           :

     Defendant.

           :

---------------------------------------------------------------x   **REDACTED**

NORTH JERSEY MEDIA GROUP INC.,    :

        Plaintiff,  :

  -against-        :   14 Civ. 7630 (ER)

FOX NEWS NETWORK, LLC AND    :   ECF Case
JOHN DOE NOS. 1 – 5,

           :

     Defendants.

           :

---------------------------------------------------------------x

PLAINTIFF'S MEMORANDUM IN OPPOSITION
TO DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT BASED UPON THE DEFENSES
OF FAIR USE AND *DE MINIMIS* USE

DUNNEGAN & SCILEPPI LLC
Attorneys for Plaintiff
 North Jersey Media Group Inc.
350 Fifth Avenue
New York, New York 10118
(212) 332-8300

**Table of Contents**

Table of Authorities ................................................................................................. i

Preliminary Statement ............................................................................................. 1

Counterstatement of Facts ....................................................................................... 3

Argument ................................................................................................................. 4

    I.     A REASONABLE JURY COULD FIND THAT FOX NEWS'
         USE OF THE BAIER IMAGE CONTRIBUTED NOTHING
         TO FURTHER THE CREATION OR DISSEMINATION OF
         KNOWLEDGE ................................................................................... 4

         A.    The "Purpose And Character Of The Use"
               Factor Disfavors A Finding Of Fair Use .................................. 6

               1.  Fox News' Use Was Commercial ......................................... 6

               2.  Fox News' Use Was Not Transformative .............................. 9

         B.    The "Nature Of The Copyrighted Work"
               Factor Disfavors A Finding Of Fair Use ................................ 13

         C.    The "Amount And Substantiality Of The
               Taking" Factor Disfavors A Finding Of Fair Use ................... 14

         D.    The "Effect On The Market" Factor Disfavors A Finding
               Of Fair Use ............................................................................ 16

               1.     A Reasonable Jury Could Find That Fox News' Use
                     Of The Baier Image Would Have An Impact On The
                     Actual Market For The Photograph .............................. 17

               2.     A Reasonable Jury Could Find That Fox News'
                     Unauthorized Use Of The Baier Image Adversely
                     Impacted At Least NJMG's Potential Market To
                     License The Photograph On Social Media ..................... 18

               3.     A Reasonable Jury Could Find That Fox News'
                     Unauthorized Use Of The Baier Image Adversely
                     Impacted NJMG's Potential Market To License
                     Derivative Works Of The Photograph, Including
                     On Social Media ........................................................... 20

II.     AT BEST FOR FOX NEWS, A REASONABLE JURY COULD
FIND THAT FOX NEWS' INFRINGEMENT FOR MORE THAN
ONE YEAR WAS NOT *DE MINIMIS* USE .......................................................21

     A.     A Reasonable Jury Could Find That Fox News Infringed
The Copyright ............................................................................21

     B.     A Reasonable Jury Could Find That The Duration Of Fox News'
Use Was Not *De Minimis* .......................................................22

Conclusion .......................................................................................................25

## Table of Authorities

**Cases**

Am. Geophysical Union v. Texaco Inc.,
60 F.3d 913 (2d Cir. 1994)..................................................................................... 8

Anderson v. Liberty Lobby, Inc.,
477 U.S. 242 (1986).............................................................................................. 4

Arica Institute, Inc. v. Palmer,
970 F.2d 1067 (2d Cir. 1992)................................................................................ 5

Authors Guild, Inc. v. HathiTrust,
755 F.3d 87 (2d Cir. 2014)........................................................................... 9, 14, 16

Authors Guild v. Google, Inc.,
804 F.3d 202 (2d Cir. 2105).......................................................................... passim

Bill Graham Archives v. Dorling Kindersley Ltd.,
448 F.3d 605 (2d Cir. 2006).................................................................................. 11

Burgin v. Nat'l Football League,
13 Civ. 8166 KBF, 2014 WL 1760112 (S.D.N.Y. Apr. 30, 2014).............................. 24

Campbell v. Acuff-Rose Music, Inc.,
510 U.S. 569 (1994)...................................................................................... passim

Cariou v. Prince,
714 F.3d 694 (2d Cir. 2013)........................................................................... passim

Castle Rock Entm't, Inc. v. Carol Pub. Grp., Inc.,
150 F.3d 132 (2d Cir. 1998)............................................................................... 5, 9

Davis v. Blige,
505 F.3d 90 (2d Cir. 2007)................................................................................... 19

Donnelly v. Greenburgh Cent. Sch. Dist. No. 7,
691 F.3d 134 (2d Cir. 2012).................................................................................. 4

Effie Film, LLC v. Murphy,
564 F. App'x 631 (2d Cir. 2014) .......................................................................... 22

Eldred v. Ashcroft,
537 U.S. 186 (2003)............................................................................................. 4

Fitzgerald v. CBS Broad., Inc.,
491 F. Supp.2d 177 (D. Mass. 2007) .................................................................... 7, 10, 12, 19

Folsom v. Marsh
Folsom v. Marsh, 9 F. Cas. 342 (C.C.D. Mass. 1841) .................................................. 14

Gaylord v. United States,
595 F.3d 1364 (Fed. Cir. 2010)........................................................................................ 10

Harper & Row Publishers, Inc. v. Nation Enterprises,
471 U.S. 539 (1985)........................................................................................... 4, 7, 9, 13

Infinity Broadcast Corp. v. Kirkwood,
150 F.3d 104 (2d Cir. 1998)............................................................................................ 10

Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,
475 U.S. 574 (1986)........................................................................................................... 4

N. Jersey Media Grp. Inc. v. Pirro,
74 F. Supp. 3d 605, 614 (S.D.N.Y. 2015) ................................................................. passim

N. Jersey Media Grp. Inc. v. Pirro,
13 Civ. 7153 ER, 2015 WL1086566 (S.D.N.Y. Mar. 9, 2015) ............................... passim

On Davis v. The Gap, Inc.,
246 F.3d 152 (2d Cir. 2001)........................................................................................ 8, 23

Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.,
602 F.3d 57 (2d Cir. 2010)............................................................................................. 22

Princeton Univ. Press v. Michigan Document Servs., Inc.,
99 F.3d 1381 (6th Cir. 1996) ......................................................................................... 22

Ringgold v. Black Entm't Television, Inc.,
126 F.3d 70 (2d Cir. 1997)....................................................................................... 17, 22

Sandoval v. New Line Cinema Corp.,
147 F.3d 215 (2d Cir. 1998)........................................................................................... 23

Sheldon v. Metro–Goldwyn Pictures Corp.,
81 F.2d 49 (2d Cir.1936)................................................................................................. 22

Sony Corp. of Am. v. Universal City Studios, Inc.,
464 U.S. 417 (1984)........................................................................................................... 6

Stewart v. Abend,
495 U.S. 207 (1990) ................................................................................................ 5, 20


Swatch Grp. Mgmt. Servs. Ltd. V. Bloomberg L.P.,
756 F.3d 73 (2d Cir. 2014) ..................................................................................... 12, 16

Terry v. Ashcroft,
336 F.3d 128 (2d Cir. 2003) ......................................................................................... 4

Tufenkian Imp./Exp. Ventures, Inc. v. Einstein Moomjy, Inc.,
338 F.3d 127 (2d Cir. 2003) ........................................................................................ 22

Twin Peaks Prods., Inc. v. Publications Int'l, Ltd.,
996 F.2d 1366 (2d Cir. 1993) ...................................................................................... 11

Yurman Design, Inc. v. PAJ, Inc.,
262 F.3d 101 (2d Cir.2001) ......................................................................................... 22

**Constitutions**

U.S. Const. Art. I, § 8 ................................................................................................... 5

**Statutes**

17 U.S.C. § 107 .................................................................................................. 6, 11, 14

**Rules**

Fed. R. Civ. P. 56 ..................................................................................................... 1, 3

**Regulations**

37 C.F.R. 202.1 ............................................................................................................ 2

**Other**

Pierre N. Leval, *Toward A Fair Use Standard*,
103 Harv. L. Rev. 1105 (1990) ..................................................................................... 9

Plaintiff North Jersey Media Group Inc. ("NJMG") respectfully submits this memorandum in opposition to the motion of defendant Fox News Network, LLC ("Fox News") pursuant to Fed. R. Civ. P. 56 for summary judgment on NJMG's claim for infringement of its copyright in the WTC Flag Raising Photograph ("Photograph"), based upon the defenses of fair use and *de minimis* use.

<u>Preliminary Statement</u>

While Fox News' motion papers recite the purpose of the Copyright Act, those motion papers ignore the evidence that will allow a reasonable jury to find that Fox News did nothing to further the purpose of the Copyright Act.  On September 10, 2014, ███████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ Fox News maintains for the purpose of promoting its television program "Special Report with Bret Baier" (the "Baier Facebook Page").  Fox News created no expression. Fox News disseminated no existing expression to a new audience.  ███████████████████████ ████████████████████████ (Dunnegan Dec. Ex. E at 17:21-18:2) ███████████████ ████████████ (Dunnegan Dec. Ex. E at 25:14-24)  It would take an extraordinary justification to immunize this copying of a derivative work as fair use, and the circumstances of this case do not present such a justification.  Even though the Court noted a similar defect in Fox News' motion in the <u>Pirro</u> case (Pirro Dkt. 71 at 15/26), Fox News does not address this issue.

Even if Fox News had modified the Photograph to create the Baier Image, a reasonable jury could still find that Fox News cannot justify its making of that derivative work.  Fox News' effort, at best for Fox News, would have been only minimally transformative.  The classic example of a transformative use would be to comment on the Photograph.  Fox News did not

1

comment on the Photograph. <u>Google Books</u> teaches that although "[a] taking from another author's work for the purpose of making points that have no bearing on the original may well be fair use…the taker would need to show a justification." <u>Authors Guild v. Google Inc.</u>, 804 F.3d 202, 215 (2d Cir. 2015). Fox News' purported justification – using the Photograph to support its editorial "comment" on 9/11 – is weak. While the Baier Image added the date of the Photograph and the non-copyrightable phrase "never forget," 37 C.F.R. 202.1(a), which is ubiquitous in the context of September 11th, the Baier Image conveys the same patriotic meaning as the Photograph, and adds virtually no new meaning.   At a minimum, a reasonable jury could find that Fox News merely used the Baier Image to get attention or to "avoid the drudgery in working up something fresh, [and that] the claim to fairness in borrowing from another's work diminishes accordingly (if it does not vanish)…" <u>Campbell v. Acuff-Rose Music, Inc.</u>, 510 U.S. 569, 580 (1994).

Moreover, a reasonable jury could find that Fox News' purported justification for using the Photograph fails because Fox News used far more of the Photograph than Fox News now admits was necessary to make its claimed point. █████████████████████████ ████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████ █████████████████████████████████████████████████ ████████████████████████████████████████████████████████ █████████████████████████████████████████████

A reasonable jury could also find that Fox News' commercial purpose in using the Bair Image undercuts any justification for Fox News' copying of the Baier Image. The purpose of Fox News in paying its employees to maintain the Baier Facebook Page is to increase Fox News'

profits. ███████████████████████████████████, a reasonable jury could find that the Baier Facebook Page exists (i) to promote the Fox News televisions show "Special Report with Bret Baier" and (ii) to increase traffic to Fox News' websites from which Fox News obtains advertising revenue.  As Fox News' expert admits, ████████████████████ ██████████████████████████████████████. (Dunnegan Dec. Ex. F at 27:21-28:25)  That is a promotional, or advertising, purpose.

The conduct of Fox News impaired at least NJMG's potential market for a derivative work of the Photograph.  NJMG stood ready, willing, and able to license a derivative work of the Photograph, such as the Baier Image, for use on Facebook or otherwise.   A demand for derivative works of the Photograph on Facebook plainly existed.  Fox News does not dispute that, in September 2014, Senator Ted Cruz wanted to pay NJMG to license a derivative work very similar to the Baier Image, but the parties could not agree on a price. (Borg Dec. ¶ 8)   The only issue that Fox News raises – that a potential market for a derivative work of the Photograph such as the Baier Image is "speculative" in the absence of an actual market – is inconsistent with existing law.

At best for Fox News, this case presents disputed issues of fact relevant to the first, third, and fourth factors, as well as an issue of fact concerning the balancing of those factors in light of the purpose of the Copyright Act.  The fair use defense in this case is therefore for the Jury, and not the Court, to decide.

Counterstatement of Facts

NJMG's Rule 56.1 Statement sets forth the facts relevant to a determination of the fair use and *de minimis* use defenses.  NJMG incorporates that statement as if set forth in full.

3

<u>Argument</u>

Summary judgment should be granted when "there is no genuine issue as to any material fact and [] the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986). The Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." <u>Donnelly v. Greenburgh Cent. Sch. Dist. No. 7</u>, 691 F.3d 134, 141 (2d Cir. 2012)(quoting <u>Terry v. Ashcroft</u>, 336 F.3d 128, 137 (2d Cir. 2003). "Summary judgment is appropriate only '[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.'" <u>Donnelly</u>, 691 F.3d at 141 (quoting <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986).

I.

A REASONABLE JURY COULD FIND THAT FOX NEWS' USE OF
THE BAIER IMAGE CONTRIBUTED NOTHING TO FURTHER
THE CREATION OR DISSEMINATION OF KNOWLEDGE

To analyze the fair use defense, the Court should begin with the purpose of the Copyright Act -- to promote the creation and dissemination of knowledge and expression. <u>Eldred v. Ashcroft</u>, 537 U.S. 186, 219 (2003)("[C]opyright's purpose is to <u>promote</u> the creation and publication of free expression.") (emphasis in original). <u>See also Authors Guild v. Google, Inc.</u>, 804 F.3d 202, 212 (2d Cir. 2015)("The ultimate goal of copyright is to expand public knowledge and understanding…").

The Copyright Act seeks to achieve that purpose primarily by rewarding the copyright owner for his or her creative effort. The Supreme Court in <u>Harper & Row Publishers, Inc. v. Nation Enterprises</u>, 471 U.S. 539, 558 (1985), stated "[T]he Framers intended copyright itself to

be the engine of free expression. By establishing a marketable right to the use of one's expression, copyright supplies the economic incentive to create and disseminate ideas."

The purpose of the fair use doctrine is to "avoid rigid application of the copyright statute when, on occasion, it would stifle the very creativity which that law is designed to foster." Stewart v. Abend, 495 U.S. 207, 236 (1990)(internal quotation marks and citation omitted). "The task is not to be simplified with bright-line rules, for the statute, like the doctrine it recognizes, calls for case-by-case analysis." Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569, 577 (1994). "The ultimate test of fair use, therefore, is whether the copyright law's goal of 'promot[ing] the Progress of Science and useful Arts,' U.S. Const., art. I, § 8, cl. 8, 'would be better served by allowing the use than by preventing it.'" Castle Rock Entm't, Inc. v. Carol Pub. Grp., Inc., 150 F.3d 132, 141 (2d Cir. 1998)(quoting Arica Institute, Inc. v. Palmer, 970 F.2d 1067, 1077 (2d Cir. 1992).

Fox News' use of the Baier Image on the Baier Facebook Page did not further the purposes of the Copyright Act, or at least a reasonable jury could so find. [1] As explained above, the Fox

---

[1]Fox News' amici incorrectly argue that Fox News' absence of creativity does not affect the analysis of the transformative issue. Treating Fox News the same as the person who originally made the Baier Image would be inconsistent with the case-by-case analysis that the fair use defense requires. Courts have recognized that one defendant cannot rely upon the fair use defense of another actor in the distribution chain. See Princeton Univ. Press v. Michigan Document Servs., Inc., 99 F.3d 1381, 1389 (6th Cir. 1996)("We need not decide this question, however, for the fact is that the copying complained of here was performed on a profit-making basis by a commercial enterprise. And '[t]he courts have ... properly rejected attempts by for-profit users to stand in the shoes of their customers making nonprofit or noncommercial uses.'" Patry, *Fair Use in Copyright Law,* at 420 n. 34."). After copying the Baier Image, the only action that Fox News could have taken to further the purpose of the Copyright Act would involve disseminating the Baier Image to a new audience. However, Fox News did not disseminate the Baier Image to a new audience, but merely copied it from one place on the Internet to another. The amici's analogy to free speech law is inapposite. The purpose of free speech is to encourage expression, creative or otherwise. The purpose of the Copyright Act is to encourage the creation and dissemination of new expression. Recycling a widely circulated infringement on the Internet may be protectable speech, but does nothing to further the purpose of the Copyright Act.

5

News employee who posted the Baier Image created nothing. ███████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ █████████████████████████ A reasonable jury could therefore find that Fox News has no justification to even begin to tip the balance in favor of fair use. The remainder of our analysis puts aside the potentially dispositive fact that ██████████████████████.

To determine whether a particular use is a fair use, courts consider the four factors set forth in 17 U.S.C. § 107:

> "(1)  the purpose and character of the use, including whether such use is of a commercial nature or is for nonprofit educational purposes;
>
> (2)  the nature of the copyrighted work;
>
> (3)  the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and
>
> (4)  the effect of the use upon the potential market for or value of the copyrighted work."

A.   The "Purpose And Character Of The Use"
     Factor Disfavors A Finding Of Fair Use.

This factor involves the consideration of two sub-factors: the commercial and/or the transformative nature of the Baier Image.

1.   Fox News' Use Was Commercial.

Commercial use weighs against fair use because the accused infringer ordinarily would have paid for a copyright license, and thereby provided the incentive to the copyright owner that is central to the Copyright Act. "Thus...every commercial use of copyrighted material is presumptively an unfair exploitation of the monopoly privilege that belongs to the owner of the copyright." Sony Corp. of Am. v. Universal City Studios, Inc., 464 U.S. 417, 449 (1984). While

this is not an evidentiary presumption, "Sony stands for the proposition that the fact that a publication was commercial as opposed to nonprofit is a separate factor that tends to weigh against a finding of fair use." Campbell, 510 U.S. at 585 (internal citation and quotation omitted).

Fox News used the Baier Image for commercial purposes, to advertise and promote its for-profit "Special Report with Bret Baier" television show, and its websites, such as foxnews.com, from which Fox News derives substantial advertising revenue.  Fox News admits ████████████ ███████████████████████████████ (Dunnegan Dec. Ex. B at 41:8-14) ███████████ ███████████████████████████████████████████████████████ ███████████████ (Dunnegan Dec. Ex. G at ¶¶ 93-94; ¶¶ 129-31)  See e.g. Fitzgerald v. CBS Broad., Inc., 491 F. Supp.2d 177, 187 (D. Mass. 2007)("Similarly, though there were no advertisements on CBS–4's website at the time that it hosted the photo, the website's purpose was to attract viewers to the station and raise the station's profile, ratings, and commercial revenues. More broadly, "[t]he crux of the profit/nonprofit distinction is not whether the sole motive of the use is monetary gain but whether the user stands to profit from exploitation of the copyrighted material without paying the customary price.' Harper & Row, 471 U.S. at 562, 105 S.Ct. 2218. CBS certainly stood to profit from its use of the photo on television and on the internet. Newscasts without imagery draw fewer viewers, ratings fall, and revenue falls in turn. CBS's use was commercial.") ███████████████████████████████████████████ ████ (Dunnegan Dec. Ex. G. at ¶ 107; Dunnegan Dec. Ex. H; Dunnegan Dec. Ex. I) ███████████ ██████████████████████████████████████████████████ (Dunnegan Dec. Ex. C at 21:3-5)

A reasonable jury could find that the Baier Facebook Page is a promotion for the Fox News television show "Special Report with Bret Baier" rather than the online platform for Bret Baier to

7

express himself. ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████   The postings found on the Baier Facebook Page promote the television

show, and link predominately to foxnews.com.  (Dunnegan Dec. Ex. H) No one could seriously

suggest that Fox News would pay Ricalde to operate this corporate Facebook page if Fox News

did not have a television show to advertise and promote.  Indeed, Fox News' expert admits that

████████████████████████████████████████████████

(Dunnegan Dec. Ex. F at 28:17-25)

Advertising is a commercial use. <u>On Davis v. The Gap, Inc.</u>, 246 F.3d 152, 175 (2d Cir.

2001)("[T]he work, being an advertisement, is at the outer limit of commercialism. <u>See</u> <u>Campbell</u>,

510 U.S. at 585, 114 S. Ct. 1164 ('The use, for example, of a copyrighted work to advertise a

product ... will be entitled to less indulgence under the first factor ... than the sale of [the new work]

for its own sake.')". <u>See</u> <u>generally</u> <u>Am. Geophysical Union v. Texaco Inc.</u>, 60 F.3d 913, 922 (2d

Cir. 1994)("Still, we need not ignore the for-profit nature of Texaco's enterprise, especially since

we can confidently conclude that Texaco reaps at least some indirect economic advantage from its

photocopying.").

████████████████████████████████████████████████

████████████████, Ricalde's creditability is questionable.  She was, at best, a witness

who understood that a profit motive would undermine Fox News' position in this case.  In any

8

event, Ricalde's testimony is inconsistent with the testimony of ████████████

████████████████████████████████████████████████████████████

(Dunnegan Dec. Ex. B at 41:8-14).

     2.     <u>Fox News' Use Was Not Transformative.</u>

Given the evidence that Fox News used the Baier Image to attract attention to the Baier Facebook Page, the question becomes whether Fox News has any justification for attempting to profit in that manner without paying the customary price. In <u>Harper & Row Publishers, Inc. v. Nation Enterprises</u>, 471 U.S. 539, 562 (1985), the Supreme Court held that "[t]he crux of the profit/nonprofit distinction is not whether the sole motive of the use is monetary gain but whether the user stands to profit from exploitation of the copyrighted material without paying the customary price."   Fox News claims that its justification rests in its transformative use of the Baier Image.

A transformative use may further the purposes of the Copyright Act by creating new content, using existing content for a different purpose, or disseminating existing content to a new audience that may not see it otherwise. <u>See</u>, <u>e.g.</u>, <u>Campbell</u>, 510 U.S. at 579 (a work may be transformative if it "adds something new, with a further purpose or different character, altering the first with new expression, meaning, or message."); <u>Cariou v. Prince</u>, 714 F.3d 694, 706 (2d Cir. 2013)("For a use to be fair, it 'must be productive and must employ the quoted matter in a different manner or for a different purpose from the original.'")(quoting Pierre N. Leval, *Toward A Fair Use Standard*, 103 <u>Harv. L. Rev.</u> 1105, 1111 (1990)). "A use is transformative if it does something more than repackage or republish the original copyrighted work." <u>N. Jersey Media Grp. Inc. v. Pirro</u>, 74 F. Supp. 3d 605, 614 (S.D.N.Y. 2015)(quoting <u>Authors Guild, Inc. v. HathiTrust</u>, 755 F.3d 87, 96 (2d Cir. 2014)). "Added value or utility is not the test: a transformative work is one

that serves a new and different function from the original work and is not a substitute for it." Id. Because Fox News failed to create any new content, failed to use existing content for a materially different purpose, and failed to disseminate existing content to a new audience that would not have seen it otherwise, Fox News' use of the Photograph was not any more than minimally transformative, if it was transformative at all.

      The Alteration To The Photograph Does Not Change Its Meaning.  The Baier Image has the following differences from the original copyrighted Photograph: (i) it has fewer pixels; (ii) it is cropped; (iii) it has a darker border; and (iv) it has the text "9/11/2011 Never Forget." None of this changed the meaning of the Photograph.

      To be transformative, the difference in the purposes must be significant.  Castle Rock Entm't, Inc. v. Carol Pub. Grp., Inc., 150 F.3d 132, 142-43 (2d Cir. 1998)("Any transformative purpose possessed by The SAT is slight to non-existent. We reject the argument that The SAT was created to educate Seinfeld viewers or to criticize, 'expose,' or otherwise comment upon Seinfeld.").  See Infinity Broadcast Corp. v. Kirkwood, 150 F.3d 104, 108 (1998)("[D]ifference in purpose is not quite the same thing as transformative, and Campbell instructs that transformativeness is the critical inquiry under this factor.")

      Slight alterations to a photograph do not transform the purpose. Fitzgerald v. CBS Broad., Inc., 491 F. Supp. 2d 177, 186 n. 2 (D. Mass. 2007)("If such a minor adjustment was transformative in the fair use sense, then it is hard to imagine any use of archived imagery in news reporting that would not be fair use.").  In Gaylord v. United States, 595 F.3d 1364 (Fed. Cir. 2010), the United States Postal Service made slight alterations to a photograph of the "Column" sculpture, that forms the centerpiece of the Korean War Veterans Memorial, and used that image on a stamp. After the copyright owner sued, the Postal Service asserted fair use.  The Federal Circuit ultimately rejected

that defense and held that the stamp did not reflect any further purpose than the sculpture. "[B]oth the stamp and the Column share a common purpose: to honor veterans of the Korean War." 595 F.3d at 1373. In Cariou v. Prince, 714 F.3d 694, 711 (2d Cir. 2013), the Second Circuit analyzed five drastically altered photographs and held that it could not decide that they were transformative. And in N. Jersey Media Grp. Inc. v. Pirro, 74 F. Supp. 3d 605, 616 (S.D.N.Y. 2015), this Court held that "the Work is barely altered and is immediately recognizable as the iconic 9/11 photograph."

Even if the Court considered whether Fox News copied the Baier Image to "comment" about whether people should forget 9/11, a reasonable jury could find that this use of the Baier Image as "comment" is insubstantial. Fox News was not commenting on the Photograph.  The comment "never forget" is a platitude.  "A secondary author is not necessarily at liberty to make wholesale takings of the original author's expression merely because of how well the original author's expression would convey the secondary author's different message." Authors Guild v. Google, Inc., 804 F.3d 202, 215 (2d Cir. 2015). "The issue is not simply whether a challenged work serves one of the non-exclusive purposes identified in section 107, such as comment or criticism, but whether it does so to an insignificant or a substantial extent." Twin Peaks Prods., Inc. v. Publications Int'l, Ltd., 996 F.2d 1366, 1374 (2d Cir. 1993).  If use of that non-copyrightable phrase rises to the level of "comment," then virtually every alteration of every work would rise to the level of "comment."

The Baier Image Has No Materially New Purpose.  Fox News argues that its new purpose in using the Photograph was as a "comment" that reminded people of the events of September 11 and the sacrifices and heroism. This is not a transformative use of the Photograph. The Photograph is an iconic representation of heroism on September 11 and already functions as a reminder of

11

what it depicts. If using a photograph of an event to remind people of the event it depicts is a transformative use of the photograph, almost any use of any photograph would be transformative.

Limiting the protection of the Photograph to the "news of the day," even though Franklin took it, and even though NJMG continued to publish it, with knowledge of its historical significance, would seriously impair the incentive to create that rests at the heart of the Copyright Act. See Fitzgerald v. CBS Broad., Inc., 491 F. Supp. 2d 177, 189 (D. Mass. 2007)("It is hard to imagine that freelance photojournalists would continue to seek out and capture difficult to achieve pictures if they could not expect to collect any licensing fees. This is exactly the kind of situation that copyright is meant to impact—where unrestricted use would likely dry up the source.").

Fox News Did Not Disseminate The Baier Image To A Different Audience.  Fox News used the Baier Image on its Baier Facebook Page, ███████████████████████ ████████████   Fox News reached no new category of person. Indeed, Ricalde testified ████ ██████████████████████████████████████████████ (Dunnegan Dec. Ex. D at 90:12-91:3)

NJMG initially published the Photograph in its daily newspaper, The Record, on September 12, 2001.  (Pirro Dkt. 55 at ¶ 3) In the following years, NJMG extensively licensed the Photograph for personal, charitable, religious, editorial, and commercial purposes. (Pirro Dkt. 55 at ¶ 6)  By posting the Baier Image to Facebook, Fox News did not expose the Photograph to a new or different audience that had not yet seen it. ███████████████████████████ ███████████████████████████████████████████████ ((Dunnegan Dec. Ex. D at 30:20-31:20) Compare Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P., 756 F.3d 73, 92 (2d Cir. 2014)("...Bloomberg's use served the important public purpose of

disseminating important financial information, without harm to the copyright interests of the author.")

Accordingly, a reasonable jury could find that the first factor disfavors a finding of fair use.

B.        The "Nature Of The Copyrighted Work"
          Factor Disfavors A Finding Of Fair Use.

In Pirro, the Court found that the factual nature of the work tilted this factor in favor of fair use. Google Books may require some change in this analysis.

In its discussion of the second factor, Google Books analyzed the "passing observation" of the Supreme Court in Harper & Row Publishers, Inc. v. Nation Enterprises, 471 U.S. 539, 563 (1985) that, "[t]he law generally recognizes a greater need to disseminate factual works than works of fiction or fantasy." 804 F.3d at 220. The Court of Appeals noted that some courts have "speculated that this might mean that a finding of fair use is more favored when the copying is of factual works than when copying is from works of fiction." Id. The Second Circuit clarified, however, that even though copyright "does not protect facts or ideas set forth in a work, it does protect that author's manner of expressing those facts and ideas. At least unless a persuasive fair use justification is involved, authors of factual works, like authors of fiction, should be entitled to copyright protection of their protected expression. The mere fact that the original is a factual work therefore should not imply that others may freely copy it. Those who report the news undoubtedly create factual works. It cannot seriously be argued that, for that reason, others may freely copy and re-disseminate news reports." Id. (Emphasis added.)

Under this analysis, the factual nature of the work appears to favor fair use only after a "persuasive fair use justification" for copying is involved. Absent such a justification, however, the second factor should neither favor nor disfavor fair use. Consequently, the Court may come

13

to a different conclusion in its analysis of the second factor in this action, and conclude the factor favors neither party. A reasonable jury could find that as well.

In any event, "courts have hardly ever found that the second factor in isolation played a large role in explaining a fair use decision." Authors Guild v. Google, Inc., 804 F.3d 202, 220 (2d Cir. 2015).

C.    The "Amount And Substantiality Of The
      Taking" Factor Disfavors A Finding Of Fair Use.

In Pirro, the Court concluded that the third factor favored neither party. N. Jersey Media Grp. Inc. v. Pirro, 74 F. Supp.3d 605, 621 (S.D.N.Y. 2015).

"The third factor asks whether 'the amount and substantiality of the portion used in relation to the copyrighted work as a whole,' § 107(3) (or, in Justice Story's words, 'the quantity and value of the materials used,' Folsom v. Marsh []) are reasonable in relation to the purpose of the copying." Campbell, 510 U.S. at 586 (citation omitted). "The crux of the inquiry is whether 'no more was taken than necessary.'" Authors Guild, Inc. v. HathiTrust, 755 F.3d 87, 98 (2d Cir. 2014)(quoting Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569, 586-87 (1994)).

The Court should distinguish Pirro and find that the third factor in his case disfavors fair use for at least two reasons. First, Fox News did not need to use any of the Photograph to make its point. All Fox News needed was the text "9/11/2001 Never Forget." If that was not enough, Fox News could have conveyed its message with the text Ricalde wrote to accompany the Baier Image:

> "Today-- and every day--we remember each of the victims
> of #September11th terrorist attack and the heroes who risked
> everything to help.
>
> Our thoughts and our prayers are with all of the families affected
> by that tragic day and with the entire nation.

#FoxNews #SpecialReport"

(Dunnegan Dec. Ex. K) The only reason to use the Photograph was as an eye-catching illustration of the events of September 11th. <u>See</u> Amici Brief at 2-3. (Dkt. 104-2 at 6-7/16)   This would cause Facebook users to pay attention to the Fox News post, and increase the chance that (i) they would share it with others who would visit the Baier Facebook Page, and (ii) those people would see promotions for the television show and the link to the Fox News websites where Fox News generates advertising revenue.

Second, Ricalde ███████████████████████████

███████████████████████████████



(Dunnegan Dec. Ex. D at 139:7-12) Ricalde testified that ██████████████████

██████████████████████ (Dunnegan Dec. Ex. D at 138:13-15)  Ricalde also testified that ████████████████████████████████ (Dunnegan Dec. Ex. D at 125:19-24)

The fact that Fox News could have conveyed its claimed message by using materially less of the Photograph than Fox News actually used distinguishes this case from situations where

copying the entire work, or almost the entire work, was necessary. <u>Authors Guild v. Google, Inc.</u>, 804 F.3d 202, 221 (2d Cir. 2015)("copying of the totality of the original" was "literally necessary" to achieve the transformative purpose); <u>Authors Guild, Inc. v. HathiTrust</u>, 755 F.3d 87, 98 (2d Cir. 2014)("reasonably necessary" for the digital library "to make use of the entirety of the works in order to enable the full-text search function"); <u>Cariou v. Prince</u>, 714 F.3d 694 (2d Cir. 2013), <u>cert. denied</u>, 134 S. Ct. 618 (2013)(comparing the extent of the appropriation in the works "Graduation" and "Disco Ball" reprinted in the opinion); <u>Swatch Grp. Mgmt. Servs. Ltd. v. Bloomberg L.P.</u>, 756 F.3d 73, 90 (2d Cir. 2014)("use of the entire recording was reasonable in light of its purpose of disseminating important financial information to investors and analysts.").

Consequently, a reasonable jury could find that the third factor disfavors a finding of fair use.

D.    The "Effect On The Market"
      <u>Factor Disfavors A Finding Of Fair Use.</u>

This factor "requires courts to consider not only the extent of market harm caused by the particular actions of the alleged infringer, but also whether unrestricted and widespread conduct of the sort engaged in by the defendant...would result in a substantially adverse impact on the potential market for the original." <u>Campbell</u>, 510 U.S. at 590 (internal quotations omitted). "The Second Circuit has concluded that an alleged infringer has usurped the market for copyrighted works, including the derivative market, where the infringer's target audience and the nature of the infringing content is the same as the original." <u>N. Jersey Media Grp. Inc. v. Pirro</u>, 74 F. Supp. 3d 605, 621-22 (S.D.N.Y. 2015)(citing <u>Cariou v. Prince</u>, 714 F.3d at 709). "[Plaintiff] is not required to show a decline in the number of licensing requests for the [original work] since the [infringement]. The fourth factor will favor her if she can show a 'traditional, reasonable, or likely

to be developed' market for licensing her work as set decoration. <u>Ringgold v. Black Entm't Television, Inc.</u>, 126 F.3d 70, 81 (2d Cir. 1997).

In <u>Pirro</u>, the Court concluded that the fourth factor weighed against fair use because Fox News' alteration of the Pirro Image served as a substitute for the Photograph, for which NJMG maintained an active licensing market. <u>N. Jersey Media Grp. Inc. v. Pirro</u>, 74 F. Supp.3d 605, 622 (S.D.N.Y. 2015).

      1.      <u>A Reasonable Jury Could Find That Fox News' Use Of The Baier Image Would Have An Impact On The Actual Market For The Photograph.</u>

Fox New concedes that NJMG has an existing licensing program for the Photograph. Potential licensees could have obtained permission to use the Photograph for commercial use through NJMG, or for editorial use through NJMG, or from Getty Images ("Getty"). (Pirro Dkt. 55 at ¶ 8) Licenses are available for use in television, print, and online media, including social media such as Facebook. Getty also offers to license the Photograph for use on social media. NJMG has extensively licensed the Photograph for a variety of editorial and commercial uses. (Pirro Dkt. 55 at ¶ 6)  Fox News itself licensed the Photograph for broadcast use in July 2013 (Pirro Dkt. 49 at 10) and August 2014 (Dkt. 96 at 3). Through Getty, NJMG does actually license the Photograph for use online.  (Dunnegan Dec. Ex. L)

Fox News nevertheless argues that the relative degradation of the Photograph in the Baier Image – based upon its reduction in size, its cropping, added text, and lower pixel quality – prevents it from serving as a substitute in the existing market for the Photograph.  Fox News, however, confuses the issue of whether the Baier Image is an effective substitute for the Photograph with whether it is a perfect substitute for the Photograph. The qualities Fox News identifies in the Baier Image may make the Baier Image a less attractive substitute for the Photograph, but one glance at the Baier Image demonstrates that it still functions as an adequate

substitute for many traditional and likely uses of the Photograph, especially if it could be used for free.   Some of those alterations of the Baier Image, such as its shrinking, its cropping and its text "9/11/2001 Never Forget" may make the Baier Image more effective as a substitute, because it may save the user the effort of having to shrink the image or crop it to fit their post, or of having to add the obvious text they would want to add themselves. Certainly, a reasonable jury could so decide. Fox News' use of the Baier Image was therefore likely to cause some other users to decline to license the Photograph, in favor of the Baier Image.

> 2.      A Reasonable Jury Could Find That Fox News' Unauthorized
>         Use Of The Baier Image Adversely Impacted At Least NJMG's
>         <u>Potential Market To License The Photograph On Social Media.</u>

A reasonable jury could find that there is a potential market for the Photograph on social media.

First, NJMG's sub-licensor of the Photograph, Getty, offers to license the Photograph for use on social media. (Dkt. 96 ¶ 10)  Getty has, in fact, licensed the Photograph for use on the Internet.   (Dunnegan Dec. Ex. L)

Second, NJMG has licensed other photographs for use on social media. For example, ███████████████████████, purchased a license from NJMG to use photographs that NJMG owned, for ████████████ promotional purposes on social media. (Dunnegan Dec. Ex. M) A reasonable jury could find that if there is an actual market on social media for the photographs of ███████, there is at least a potential market on social media for the Photograph.

Third, NJMG has successfully pursued other infringers besides Fox News for using the Photograph without authorization on social media. Fox News acknowledges that these enforcement efforts have resulted in settlement payments to NJMG. To date, NJMG has earned at least $32,000 through settlements of social media infringements of the Photograph. These amounts

support the fact that at least a potential market for the Photograph exists on social media. See e.g. Fitzgerald v. CBS Broad., Inc., 491 F. Supp.2d 177, 191 (D. Mass. 2007)("That most of this revenue has come from legal damages and settlements rather than from fees paid up front does not detract from the evidence that a market for the photographs exist.").

Fox News' argument that there can be no potential market for the Photograph on social media because NJMG has taken steps to suppress the Photograph on social media has no factual basis.

First, NJMG is attempting to maximize its long-term revenue from the Photograph.  (Borg Dec. ¶ 2) If Fox News had sought a license to use the Baier Image rather than the Photograph, NJMG would have considered that request. (Borg Dec. ¶ 3)

Second, NJMG canceled its licensing arrangement with the Associated Press ("AP") as to the Photograph after NJMG learned that AP was granting, and intended to continue to grant, retroactive licenses to infringers of its photographs – licenses which the Second Circuit considers invalid.  (Borg Dec. ¶ 4)  See Davis v. Blige, 505 F.3d 90, 101 (2d Cir. 2007); N. Jersey Media Grp. Inc. v. Pirro, No. 13 CIV. 7153 ER, 2015 WL 1086566, at *4 n. 6 (S.D.N.Y. Mar. 9, 2015). NJMG learned of AP's practice only after Fox News ███████████████████████████ ███████████████████████████████████. (Borg Dec. ¶ 5)

Third, Getty is offering to license the Photograph for social media on terms that Getty believes are most profitable.  (Borg Dec. ¶ 6)  NJMG does not dictate to Getty what prices to charge for its sub-licenses, (Borg Dec. ¶ 6) and Fox News has submitted no evidence that it does. Getty is one of, if not the leading, licensor of images online and in print. Getty has more relevant expertise in licensing images for use on social media than either Fox News or its expert witness,

Aram Sinnreich, ██████████████████████████████████████. (Dunnegan
Dec. Ex. F at 48:22-25)

> 3.    A Reasonable Jury Could Find That Fox News' Unauthorized Use
>        Of The Baier Image Adversely Impacted NJMG's Potential Market To
>        <u>License Derivative Works Of The Photograph, Including On Social Media.</u>

Senator Cruz contacted NJMG to license a derivative version of the Photograph, very
similar to the Baier Image. (Borg Dec. Ex. P)  Although NJMG and Senator Cruz were unable to
agree on a price, that does not negate the fact that there is an existing demand for derivative
versions of the Photograph, and that NJMG is interested in developing that market. NJMG was
attempting to charge a price to attempt to maximize revenue from the Photograph. (Borg Dec. ¶ 2)
(The prices charged for stock photographs are not an adequate comparison for one of the most
iconic photographic works in recent memory.)  The fact that it was too high for Senator Cruz – at
that time – does not mean it would be too high for everyone.  It remains undisputed that demand
exists, and that NJMG is willing to meet that demand consistent with its objective to maximize its
long-term profits.

Consequently, a jury could reasonably find that widespread use such as the Baier Image
would negatively impact NJMG's market for derivative versions of the Photograph, and that the
fourth factor disfavors a finding of fair use.

\* \* \* \* \*

The analysis set forth above demonstrates that the facts do not establish as a matter of law
that each of the four fair use factors favors a finding of fair use. At best for Fox News, they need
to be weighed and balanced.  A fair use defense should generally not prevail as a matter of law
unless all of the fair use factors favor a finding of fair use. <u>Stewart v. Abend</u>, 495 U.S. 207, 238

(1990) (summary judgment finding no fair use reinstated where ". . . all four factors point to unfair use.").

A full examination of these factors at trial should demonstrate that none of these factors favor a fair use defense.

II.

AT BEST FOR FOX NEWS, A REASONABLE JURY COULD FIND<br>THAT FOX NEWS' INFRINGEMENT FOR MORE THAN<br>ONE YEAR WAS NOT <em>DE MINIMIS</em> USE

Fox News' argument based upon *de minimis* use confuses two concepts: (i) whether Fox News has avoided infringing the copyright in the Photograph because the Baier Image did not misappropriate any of the Photograph's protectable elements, and (ii) whether Fox News' infringement was so limited in duration that any infringement should be excused.

A.     <u>A Reasonable Jury Could Find That Fox News Infringed The Copyright.</u>

Fox News' first *de minimis* argument is that so few of the protectable elements of the Photograph were taken that there was no infringement.  However, if a jury analyzed the protectable elements of the Photograph, it could reasonably find that the Baier Image misappropriates the protectable expression in the Photograph.  Fox News cannot dispute that the orientation of the firefighters and the American flag in relation to each other constitutes copyrightable expression.  (Dunnegan Dec. Ex. N at 22:16-23:6)  That orientation of the firefighters and the American flag in relation to each other is an important element of the Photograph, and Franklin exercised creativity by getting himself into the location – amid the ruins of the World Trade Center – where he could capture this orientation. Neither the cropping, the shading of the border, or the pixel count of the Baier Image (compared to the Photograph)

21

can change the fact that the Baier Image copies at least this important element of the protectable expression in the Photograph.

There is no doubt that the Baier Image is substantially similar to the Photograph. "The standard test for substantial similarity between two items is whether an ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard [the] aesthetic appeal as the same." Effie Film, LLC v. Murphy, 564 F. App'x 631, 632 (2d Cir. 2014)(quoting Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 111 (2d Cir.2001)). See also Peter F. Gaito Architecture, LLC v. Simone Dev. Corp., 602 F.3d 57, 66 (2d Cir. 2010).

In listing the elements of the Photograph that Fox News argues it did not copy, Fox News has "set out to detect the disparities." However, "[i]t has long been settled that 'no plagiarist can excuse the wrong by showing how much of his work he did not pirate,' Sheldon v. Metro–Goldwyn Pictures Corp., 81 F.2d 49, 56 (2d Cir.1936) (Hand, J.), and this aphorism applies equally to exact reproduction of visual works." Tufenkian Imp./Exp. Ventures, Inc. v. Einstein Moomjy, Inc., 338 F.3d 127, 132 (2d Cir. 2003). Most of the differences between the two works that Fox News points out, e.g. cropping the Photograph, darkening the Photograph, lowering the resolution of the Photograph, do nothing more than lower the quality of the Photograph. The essence of the Photograph is still present in the Baier Image. Fox News cites no cases for the proposition that lower quality copies of works are no longer substantially similar.

Accordingly, at best for Fox News, a reasonable jury could determine that the Baier Image infringes the copyright in the Photograph.

B.     A Reasonable Jury Could Find That The
       Duration Of Fox News' Use Was Not *De Minimis*.

Fox News has used the Baier Image on its Baier Facebook Page from September 11, 2014, to the present, for 14 months and counting.  Apart from the length of time that the Baier

Image remained on the Baier Facebook Page, a substantial number of people have seen the infringement.  The post of the Baier Image has attracted 60 comments, 5,734 shares, and 1,766 likes. (Dunnegan Dec. Ex. O) The last comment appears to have been left on June 22, 2015. (Dunnegan Dec. Ex. O) Many of those 60 comments were, in turn, themselves liked. (Dunnegan Dec. Ex. O) Each sharing of the post of the Baier Image can increase the exposure of the Baier Image on the Baier Facebook Page, and the ultimate number of visitors to a page where Fox News earns advertising revenue, exponentially. If one visitor to the Baier Facebook Page shares the Baier Image with 100 Facebook friends, the potential number of visitors who see the post on the Baier Facebook Page can become very significant, very fast.  Although we do not know, and cannot determine, how many Facebook "friends" that each of those sharers had, or what their privacy settings were, it would take an extraordinary understanding of the word *de minimis* to conclude that it applied in this case.

The Second Circuit has found substantially less use to rise above the level of *de minimis* use. In On Davis v. The Gap, Inc., 246 F.3d 152, 173 (2d Cir. 2001) as amended (May 15, 2001), the Second Circuit held that the use of the plaintiff's eyewear in an advertisement was not *de minimis* because "the infringing item is highly noticeable," and "the viewer's gaze is powerfully drawn to [plaintiff]'s creation." In Ringgold v. Black Entm't Television., Inc., the Second Circuit held that the unauthorized use of a copyrighted poster in a television episode was not *de minimus* because all or part of the poster was shown a total of nine times in a five-minute period, for a total of 26.75 seconds of playing time, and was thematically related to the content of the show. 126 F.3d 70, 77 (2d Cir. 1997)("From the standpoint of a quantitative assessment of the segments, the principal four-to-five-second segment in which almost all of the poster is clearly visible, albeit in less than perfect focus, reenforced by the briefer segments in which smaller

portions are visible, all totaling 26 to 27 seconds, are not *de minimis* copying.")  Compare

Sandoval v. New Line Cinema Corp., 147 F.3d 215, 218 (2d Cir. 1998), where the Second

Circuit held that the use of Sandoval's photographs in the movie was *de minimis* because

"Sandoval's photographs as used in the movie are not displayed with sufficient detail for the

average lay observer to identify even the subject matter of the photographs, much less the style

used in creating them. The photographs are displayed in poor lighting and at great distance.

Moreover, they are out of focus and displayed only briefly in eleven different shots. Unlike

*Ringgold,* in which the court found that brief but repeated shots of the poster at issue reinforced

its prominence, the eleven shots here have no cumulative effect because the images contained in

the photographs are not distinguishable." In our case, the Photograph is clearly distinguishable in

the Baier Image, and instantly recognizable. It is the focus of the post.

Burgin v. Nat'l Football League, No. 13 Civ. 8166 KBF, 2014 WL 1760112, at *2

(S.D.N.Y. Apr. 30, 2014), is distinguishable because (1) the infringing use in Burgin was visible

for three weeks while the Baier Image was visible for 14 months; (2) Fox News has

demonstrated no intention to take down the infringing Baier Image; (3) there is no evidence that

anyone but the plaintiff saw the infringement in Burgin whereas the Baier Image post was seen

thousands of times.

The breadth of the defense that Fox News is now asserting is staggering.  Nothing

distinguishes Fox News' post of the Baier Image from the post of any other infringing image on

any other Facebook page of any other business.  When reduced to its most basic argument, Fox

News is arguing that the posting of images on Facebook cannot constitute copyright

infringement as a matter of law.  Given Fox News' routine practice of ██████████

███████████████████████████ (Dunnegan Dec. Ex. B at 43:2-12), Fox

News does not believe that its attorneys' argument has any merit.

<u>Conclusion</u>

For the reasons set forth above, NJMG respectfully requests that the Court deny Fox News'

motion for summary judgment.

Dated:  New York, New York
        December 4, 2015

                                    DUNNEGAN & SCILEPPI LLC


                                    By  s/William Dunnegan_____
                                        William Dunnegan (WD0415)
                                        wd@dunnegan.com
                                        Richard Weiss (RW4039)
                                        rw@dunnegan.com
                                    Attorneys for Plaintiff
                                        North Jersey Media Group Inc.
                                    350 Fifth Avenue
                                    New York, New York 10118
                                    (212) 332-8300

25