UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

NORTH JERSEY MEDIA GROUP INC.,            :

                         Plaintiff,       :

        -against-                              :         13 Civ. 7153 (ER)

                              :

FOX NEWS NETWORK, LLC,                          :          ECF Case

                              :

                   Defendant.       :

                              :
-------------------------------------------------------------x         **REDACTED**

NORTH JERSEY MEDIA GROUP INC.,            :

                         Plaintiff,       :

        -against-                              :         14 Civ. 7630 (ER)

                                :

FOX NEWS NETWORK, LLC AND                   :          ECF Case
JOHN DOE NOS. 1 – 5,

                              :

                  Defendants.       :

                              :
-------------------------------------------------------------x


### PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* TO EXCLUDE EVIDENCE CONCERNING DEFENDANT'S FIRST AND FOURTH THROUGH TWENTIETH AFFIRMATIVE DEFENSES


DUNNEGAN & SCILEPPI LLC
Attorneys for Plaintiff
 North Jersey Media Group Inc.
350 Fifth Avenue
New York, New York 10118
(212) 332-8300

## Table of Contents

Table of Authorities ................................................................................................ iii

Preliminary Statement ............................................................................................. 1

Argument ................................................................................................................. 2

    I.     THE COURT SHOULD PRECLUDE ANY EVIDENCE OFFERED
          TO PROVE THE FIRST AFFIRMATIVE DEFENSE – THAT NJMG
          FAILED TO STATE A CLAIM ........................................................... 2

    II.    THE COURT SHOULD PRECLUDE ANY EVIDENCE OFFERED TO
          PROVE THE FOURTH AFFIRMATIVE DEFENSE, THAT NJMG
          WAIVED ITS COPYRIGHT CLAIM ................................................ 2

    III.   THE COURT SHOULD PRECLUDE ANY EVIDENCE OFFERED TO
          PROVE THE FIFTH AFFIRMATIVE DEFENSE, THAT NJMG SHOULD
          BE ESTOPPED .................................................................................. 5

    IV.   THE COURT SHOULD PRECLUDE ANY EVIDENCE OFFERED TO
          PROVE THE SIXTH AFFIRMATIVE DEFENSE, THAT NJMG HAD
          UNCLEAN HANDS ........................................................................... 6

    V.    THE COURT SHOULD PRECLUDE ANY EVIDENCE OFFERED TO
          PROVE THE SEVENTH AFFIRMATIVE DEFENSE, THAT NJMG
          FAILED TO MITIGATE DAMAGES .................................................. 8

    VI.   THE COURT SHOULD PRECLUDE ANY EVIDENCE OFFERED TO
          PROVE THE EIGHTH AFFIRMATIVE DEFENSE, THAT A
          COPYRIGHT CLAIM WOULD VIOLATE FOX NEWS' FIRST
          AMENDMENT RIGHT TO FREE SPEECH ...................................... 10

    VII.  THE COURT SHOULD PRECLUDE ANY EVIDENCE OFFERED TO
          PROVE THE NINTH, TENTH, AND ELEVENTH AFFIRMATIVE
          DEFENSES ...................................................................................... 11

    VIII. THE COURT SHOULD PRECLUDE ANY EVIDENCE TO PROVE
          THE TWELFTH AFFIRMATIVE DEFENSE OF COPYRIGHT MISUSE
          IN THE PIRRO ACTION .................................................................. 13

i

IX.  THE COURT SHOULD PRECLUDE ANY EVIDENCE OFFERED TO
     PROVE THE TWELFTH AFFIRMATIVE DEFENSE OF LICENSE IN
     THE BAIER ACTION .........................................................................................13

X.   THE COURT SHOULD PRECLUDE ANY EVIDENCE OFFERED TO
     PROVE THE THIRTEENTH AFFIRMATIVE DEFENSE, PUBLIC
     INTEREST .......................................................................................................14

XI.  THE COURT SHOULD PRECLUDE ANY EVIDENCE TO PROVE
     THE FOURTEENTH AFFIRMATIVE DEFENSE, THAT NJMG
     SUFFERED NO DAMAGES................................................................................15

XII. THE COURT SHOULD PRECLUDE ANY EVIDENCE TO PROVE
     THE FIFTEENTH AFFIRMATIVE DEFENSE, THAT FOX NEWS
     GAINED NO REVENUES ...................................................................................16

XIII. THE COURT SHOULD PRECLUDE ANY EVIDENCE OFFERED TO
      PROVE THE SIXTEENTH AFFIRMATIVE DEFENSE, THAT FOX
      NEWS WAS NOT A WILLFUL INFRINGER .....................................................16

XIV. THE COURT SHOULD PRECLUDE ANY EVIDENCE TO PROVE
     THE SEVENTEENTH AFFIRMATIVE DEFENSE, THAT FOX NEWS
     WAS AN INNOCENT INFRINGER....................................................................17

XV.  THE COURT SHOULD PRECLUDE ANY EVIDENCE TO PROVE
     THE EIGHTEENTH AND NINETEENTH AFFIRMATIVE DEFENSES
     INVOLVING INJUNCTIONS..............................................................................23

XVI. THE COURT SHOULD PRECLUDE ANY EVIDENCE TO PROVE
     THE CATCHALL TWENTIETH AFFIRMATIVE DEFENSE..........................24

Conclusion ....................................................................................................................24

## Table of Authorities

**Cases**

Barnes v. AT & T Pension Ben. Plan-Nonbargained Program,
718 F. Supp.2d 1167 (N.D. Cal. 2010) ................................................................. 2

Basic Books, Inc. v. Kinko's Graphics Corp.,
758 F. Supp. 1522 (S.D.N.Y. 1991).................................................................... 22

Branch v. Ogilvy & Mather, Inc.,
772 F. Supp. 1359 (S.D.N.Y. 1991).................................................................... 23

Broad. Music, Inc. v. Peppermint Club, Inc.,
C 83-694, 1985 WL 6141 (N.D. Ohio Dec. 16, 1985) ...................................... 4

Capitol Records, Inc. v. Naxos of Am., Inc.,
372 F.3d 471 (2d Cir. 2004)............................................................................2-3

Cassetica Software, Inc. v. Computer Scis. Corp.,
No. 11 C 2187, 2011 WL 4431031 (N.D. Ill. Sept. 22, 2011)......................... 15

Childress v. Taylor,
798 F. Supp. 981 (S.D.N.Y. 1992) .................................................................... 17

Coach, Inc. v. Kmart Corporations,
756 F. Supp.2d 421 (S.D.N.Y. 2010)................................................................... 9

Courtney-Clarke v. Rizzoli Int'l Publications, Inc.,
251 A.D.2d 13, 676 N.Y.S.2d 529 (1st Dept. 1998).......................................... 3

Cty. Vanlines Inc. v. Experian Info. Sols., Inc.,
205 F.R.D. 148 (S.D.N.Y. 2002) ...................................................................... 24

D.C. Comics Inc. v. Mini Gift Shop,
912 F.2d 29 (2d Cir. 1990)...........................................................................22-23

Davis v. Blige,
505 F.3d 90 (2d Cir. 2007)........................................................................... 9, 10

Design Basics, LLC v. Chelsea Lumber Co.,
977 F. Supp.2d 714 (E.D. Mich. 2013)............................................................... 3

Echostar Satellite L.L.C. v. ESPN, Inc.,
79 A.D.3d 614, 914 N.Y.S.2d 35 (1st Dep't 2010) ........................................... 3

EMI Entm't World, Inc. v. Karen Records, Inc.,
603 F. Supp.2d 759 (S.D.N.Y. 2009)
amended on reconsideration in part,
681 F. Supp.2d 470 (S.D.N.Y. 2010) ........................................................................ 2

Faulkner v. Nat'l Geographic Soc.,
576 F. Supp.2d 609 (S.D.N.Y. 2008) ................................................................. 16, 17

Fitzgerald Publishing Co. v. Baylor Publishing Co.,
807 F.2d 1110 (2d Cir, 1986) ................................................................................. 17

Infinity Broad. Corp. v. Kirkwood,
63 F. Supp.2d 420 (S.D.N.Y. 1999) ........................................................................ 18

Lipton v. Nature Co.,
71 F.3d 464 (2d Cir. 1995) ..................................................................................... 17

Little Mole Music v. Spike Inv., Inc.,
720 F. Supp. 751 (W.D. Mo. 1989) ......................................................................... 23

Lottie Joplin Thomas Trust v. Crown Publishers, Inc.,
456 F. Supp. 531 (S.D.N.Y. 1977),
aff'd, 592 F.2d 651 (2d Cir. 1978) .......................................................................... 6

N. Am. Karaoke-Works Trade Ass'n, Inc. v. Entral Grp. Int'l, LLC,
06 Civ. 5158 (LTS)(MHD), 2010 WL 2143661 (S.D.N.Y. Feb. 24, 2010)
report and recommendation adopted in part, rejected in part,
06 Civ. 5158 (LTS)(MHD), 2010 WL 2158294 (S.D.N.Y. May 27, 2010) ................................. 7

Nat'l Football League v. PrimeTime 24 Joint Venture,
131 F. Supp.2d 458 (S.D.N.Y. 2001) ...................................................................... 18

Nihon Keizai Shimbun, Inc. v. Comline Bus. Data, Inc.,
166 F.3d 65 (2d Cir. 1999) ..................................................................................... 11

N. Jersey Media Grp. Inc. v. Cafepress,
13 Civ. 3932 (ALC) ............................................................................................. 1, 7

N. Jersey Media Grp. Inc. v. Pirro,
13 Civ. 7153 (ER), 2015 WL 1086566 (S.D.N.Y. Mar. 9, 2015) ......................................... 10, 18

Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.,
11-CV-726 (CBA), 2013 WL 4409434 (E.D.N.Y. Aug. 2, 2013)
report and recommendation adopted as modified
11-CV-726 (CBA)(RLM), 2013 WL 5502852 (E.D.N.Y. Oct. 1, 2013). ..................................... 9

Price v. Fox Entm't Grp., Inc.,
05 Civ. 5259 (SAS), 2007 WL 1498321 (S.D.N.Y. May 22, 2007)...............................7

Purzel Video GmbH v. St. Pierre,
10 F. Supp.3d 1158 (D. Colo. 2014).........................................................15

Sarl Louis Feraud Int'l v. Viewfinder, Inc.,
489 F.3d 474 (2d Cir. 2007)...............................................................11

Twin Peaks Prods., Inc. v. Publications Int'l, Ltd.,
996 F.2d 1366 (2d Cir. 1993)..............................................................11

UMG Recordings, Inc. v. MP3.Com, Inc.,
92 F. Supp.2d 349 (S.D.N.Y. 2000)........................................................3-4

Warner Bros. Inc. v. Dae Rim Trading, Inc.,
877 F.2d 1120 (2d Cir. 1989).........................................................15, 16

**Rules**

Fed. R. Civ. Pro. 30(b)(6) ...................................................................4

Fed. R. Civ. Pro. 8...........................................................................24

Fed R. Civ. Pro. 15..........................................................................24

**Statutes**

17 U.S.C. § 504......................................................................15, 16,  17, 18

Plaintiff North Jersey Media Group Inc. ("NJMG") respectfully submits this memorandum in support of its motion *in limine* to exclude evidence that Fox News Network, LLC ("Fox News") may offer in evidence, at the jury trial in this action, to attempt to prove its first and fourth through twentieth affirmative defenses.

<u>Preliminary Statement</u>

In addition to its affirmative defenses of fair use and *de minimis* use, which may present questions of fact, Fox News has asserted a plethora of affirmative defenses that are legally insufficient and/or unsupported by the disclosures Fox News has made.  The evidence that Fox News proposes to use in support of its affirmative defenses is set forth in the testimony of Diane Brandi taken June 16, 2015, and in Fox News' responses to contention interrogatories dated November 19, 2015.  The affirmative defenses of Fox News are identical in both cases, except in 14 Civ. 7630 (ER) (the "<u>Baier Action</u>"), Fox News has asserted the twelfth affirmative defense of "license" (Baier Dkt. 22) and in 13 Civ. 7153 (ER) (the "<u>Pirro Action</u>"), Fox News asserted the twelfth affirmative defense of "copyright misuse."  (Pirro Dkt. 15)

Unless the Court determines at the outset of the trial which affirmatives defenses may present a question of fact based upon the evidence Fox News has, the trial time necessary to allow Fox News to present evidence on affirmative defenses that will not reach the Jury could easily turn a 4 day trial into a two week trial.  NJMG began the trial in <u>NJMG v. Cafepress, Inc.</u>, 13 Civ. 3932 (AC), on April 8, 2014, believing that it would be a 2 day trial. (Dkt. 131 at 33) Defendant Cafepress, Inc. ("Cafepress") estimated the trial would take 3-4 days. (Dkt. 131 at 33) However, due to the plethora of affirmative defenses that Cafepress presented, most of which consumed trial time but did not reach the jury, the trial extended to 8 days.  In its draft pretrial statement, Fox News has indicated that it intends to rely upon 167 exhibits, which concern all of

the (unsuccessful) affirmative defenses of Cafepress, and more.  Accordingly, we urge the Court to rule *in limine* on which of Fox News' affirmative defenses could create an issue for the Jury. If the Court can determine, based upon the evidence Fox News intends to offer, that any affirmative defense would not present an issue of fact for the Jury, the Court should not allow Fox News to consume trial time presenting evidence to the Jury on that affirmative defense.

<u>Argument</u>

I.

THE COURT SHOULD PRECLUDE ANY EVIDENCE OFFERED TO PROVE THE FIRST AFFIRMATIVE DEFENSE – THAT NJMG FAILED TO STATE A CLAIM.

Fox News' first affirmative defense is that NJMG failed "to state a claim upon which relief can be granted." (Pirro Dkt. 15 at 4/8; Baier Dkt. 22 at 4/22)

Failure to state a claim, however, is not an affirmative defense. <u>Barnes v. AT & T Pension Ben. Plan-Nonbargained Program</u>, 718 F. Supp.2d 1167, 1174 (N.D. Cal. 2010)("Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in Barnes' *prima facie* case.").

II.

THE COURT SHOULD PRECLUDE ANY EVIDENCE OFFERED TO PROVE THE FOURTH AFFIRMATIVE DEFENSE, THAT NJMG WAIVED ITS COPYRIGHT CLAIM

Fox News' fourth affirmative defense is that NJMG's, "claim, or recovery thereon, is barred, in whole or in part, by the doctrine of waiver." (Pirro Dkt. 15 at 4/8; Baier Dkt. 22 at 5/22)

"[A] claim of waiver requires proof of an intentional relinquishment of a known right with both knowledge of its existence and an intention to relinquish it." <u>EMI Entm't World, Inc. v. Karen Records, Inc.</u>, 603 F. Supp.2d 759, 769 (S.D.N.Y. 2009), <u>amended on reconsideration in part</u>, 681 F. Supp.2d 470 (S.D.N.Y. 2010)(citing <u>Capitol Records, Inc. v. Naxos of Am., Inc.</u>,

2

372 F.3d 471, 482 (2d Cir. 2004)(applying New York law)). There is no evidence that NJMG ever intentionally relinquished the right to enforce its copyright in the WTC Flag Raising Photograph (the "Photograph").  The evidence upon which Fox News relies differs in each action.

> Baier Action

Fox News presents two arguments in support of this affirmative defense.

First, Fox News argues that a waiver occurred because ██████████████████ ██████████████████████████████████████████████████████████████ ████████████████████████████████████████ (Dunnegan Dec. Ex. B at 6)

This theory fails as a matter of law.  Any decision of NJMG not to bring legal action against infringers of its copyright "amounts to mere silence or inaction, which are insufficient to establish an intent to waive a known right." Echostar Satellite L.L.C. v. ESPN, Inc., 79 A.D.3d 614, 618, 914 N.Y.S.2d 35, 39 (1st Dep't 2010)(citing Courtney-Clarke v. Rizzoli Int'l Publications, Inc., 251 A.D.2d 13, 676 N.Y.S.2d 529 (1st Dept. 1998)). NJMG is under no obligation to police its copyright. See Design Basics, LLC v. Chelsea Lumber Co., 977 F. Supp.2d 714, 736 (E.D. Mich. 2013)("The Court concludes that Plaintiff should be granted summary judgment on the waiver defense, because Defendants have not provided support for their assertion that Plaintiff had a duty to police its copyrights and that the failure to do so constituted waiver; indeed, as the Court has discussed throughout this opinion, Plaintiff was not under a continuous duty to police and investigate its copyrights.")(emphasis added).

NJMG has the "right to determine which infringers to pursue, and in which order to pursue them." UMG Recordings, Inc. v. MP3.Com, Inc., 92 F. Supp.2d 349, 353 (S.D.N.Y.

2000). <u>See also</u> <u>Broad. Music, Inc. v. Peppermint Club, Inc.</u>, C 83-694, 1985 WL 6141 at *4

(N.D. Ohio Dec. 16, 1985)("Second, even if other establishments were infringing upon plaintiff's

rights, defendants have not brought to the Court's attention, nor has the Court found, any case

where the argument of selective enforcement has been held to bar recovery for copyrights

infringement.").

Second, Fox News argues that a waiver occurred because ███████████████

███████████████████████████████████████████████████████

█████████████████████" (Dunnegan Dec. Ex. B at 6) Fox News, however, makes

no plausible argument that Tom Franklin's conduct (apart from any action of NJMG as the

copyright owner) could waive a right to prevent Fox News' use of the photograph on Facebook

several years later.  This theory, as explained below, represents a watered down version of the

defense that Fox News offered in support of its waiver defense in the <u>Pirro Action</u>.

Pirro Action

Fox News claims that Franklin offered Fox News in 2011 an ██████████ license to use

the Photograph. When asked to state all the facts that Fox News is "██████████████████

█████████████████████" (Dunnegan Dec. Ex. A at 3:3-6) Fox News' Rule 30(b)(6)

witness, Diane Brandi, responded, "████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

█████████████████" (Dunnegan Dec. Ex. A at 3:14-24:12[1]) However, Fox News produced

no record showing that its use was unrestricted. When asked if Fox News had any witnesses that

---

[1]      In the middle of Ms. Brandi's answer on page 3 of the deposition, the transcript was
classified as Highly Confidential by Fox News' counsel. The transcript thus appears to jump
from page 3 to page 24.

could testify that "███████████████████████," Brandi responded, "██

████████████████████████." (Dunnegan Dec. Ex. A at 25:5-9) Fox News

could not provide any information regarding the identities of any Fox News employees who dealt

with Franklin, other than ████████████ When asked who these individuals are, Brandi

could only offer, ██████████████████ (Dunnegan Dec. Ex. A at 31:17-18)

Moreover, Fox News could provide no admissible evidence that Franklin had ever been asked

about a waiver. When asked, ████████████████████████

██████████████████ Brandi could only offer, █████████████

(Dunnegan Dec. Ex. A at 32:15-21) Fox News' evidence of waiver thus amounts to Fox News

having no record of NJMG expressly forbidding it from re-using the Photograph. This cannot, as

a matter of law, provide the basis for an affirmative defense of waiver.

　　　　Furthermore, even if Fox News has evidence that Franklin had offered it an ████████

████ Fox News' affirmative defense should fail because Fox News has admitted that its

definition of ████████████████████. When asked ███████████████

████ Brandi explained, ████████████████████████████

██████ (Dunnegan Dec. Ex. A at 26:12-15)

III.

THE COURT SHOULD PRECLUDE ANY EVIDENCE OFFERED TO PROVE THE<br>FIFTH AFFIRMATIVE DEFENSE, THAT NJMG SHOULD BE ESTOPPED

　　　　Fox News' fifth affirmative defense is that NJMG, "is equitably estopped from bringing

the claim." (Pirro Dkt. 15 at 4/8; Baier Dkt. 22 at 5/22) Fox News agrees that its affirmative defense

of equitable estoppel is equitable in nature, and should therefore not be presented to the Jury.[2] Fox

---

[2]　　　　We base this upon drafts of the Joint Final Pretrial Statement, which is not yet finalized.

News should also be precluded from offering any evidence to prove its affirmative defense of equitable estoppel to the Court because Fox News cannot support its defense as a matter of law.

"In order to establish an estoppel, it must be shown that the party to be estopped had knowledge of defendant's infringing conduct, and either intended that his own conduct be relied upon or acted so that the party asserting the estoppel has a right to believe it was so intended. Additionally, the defendant must be ignorant of the true facts and must rely on plaintiff's conduct to his detriment." Lottie Joplin Thomas Trust v. Crown Publishers, Inc., 456 F. Supp. 531, 535 (S.D.N.Y. 1977), aff'd 592 F.2d 651 (2d Cir. 1978).

Fox News has no evidence that comes close to creating an affirmative defense of estoppel. When asked, ███████████████████████████████████████████████ Brandi responded that ████████████████████████████████████████████████ ████████████████████████████████████████ (Dunnegan Dec. Ex. A at 38:15-21) Similarly, in the Baier Action, ████████████████████████████████████ (Dunnegan Dec. Ex. B at 6-7)  Fox News has no evidence that its employees who posted the Baier Image and the Pirro Image knew of, much less relied upon, the conduct of Franklin in 2010 or 2011, or any other conduct of NJMG. Moreover, for the Baier Image, Fox News cannot argue that it reasonably relied on Franklin's conduct in 2011 because NJMG filed suit against Fox News for copyright infringement on October 9, 2013 (Pirro Dkt. 1), more than 11 months before Fox News posted the Baier Image.

IV.

THE COURT SHOULD PRECLUDE ANY EVIDENCE OFFERED TO PROVE THE SIXTH
AFFIRMATIVE DEFENSE, THAT NJMG HAD UNCLEAN HANDS

Fox News' sixth affirmative defense is that NJMG's, "...claim, or recovery...is barred...by its unclean hands." (Pirro Dkt. 15 at 4/8; Baier Dkt. 22 at 5/22) Fox News agrees

with NJMG that its affirmative defense of unclean hands is equitable in nature, and should therefore not be presented to the Jury.[3] See also Price v. Fox Entm't Grp., Inc., 05 CIV. 5259 (SAS), 2007 WL 1498321, at *1 (S.D.N.Y. May 22, 2007)("The Second Circuit has repeatedly confirmed that estoppel, like laches, is an equitable defense to claims of intellectual property infringement. A number of courts have held that those equitable defenses are 'committed to the sound discretion of the court.' This is so even though [b]oth defenses ultimately depend on underlying factual determinations.' That simply means that any testimony regarding the equitable defenses 'would be heard by the Court, not a jury.'")(Footnotes omitted.); N. Am. Karaoke-Works Trade Ass'n, Inc. v. Entral Grp. Int'l, LLC, 06 Civ. 5158 (LTS) (MHD), 2010 WL 2143661 (S.D.N.Y. Feb. 24, 2010) report and recommendation adopted in part, rejected in part, 06 Civ. 5158 LTS/MHD, 2010 WL 2158294 (S.D.N.Y. May 27, 2010)("The doctrine of unclean hands is one factor that a court may take into consideration when deciding whether to exercise its discretion and afford injunctive relief."). After taking extensive evidence at the Cafepress trial offered for the purpose of proving "unclean hands," Judge Carter determined that this was an issue for the court and not the jury.  (Cafepress, 13 Civ 3932, Dkt. 143 at 19/116)

Fox News should also be precluded from offering any evidence to the Court to prove its affirmative defense of unclean hands because Fox News did not disclose any evidence in either case that would support a finding by the Court of unclean hands. ███████████████████████ ████████████████████████████████████████████████████████████ ████████████████████████████████  The transcript provides:

██████████████████████████████████████████████████████ ██████████████████████████████

---

We base this upon drafts of the Joint Final Pretrial Statement, which is not yet finalized.

 (Dunnegan Dec. Ex. A at 39:6-22)

When ordered in the <u>Baier Action</u> to provide an interrogatory response stating the basis

for its sixth affirmative defense, Fox News stated ████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████ (Dunnegan Dec. Ex. B at 7) This leaves

NJMG to guess as to the conduct that Fox News claims provides its defense, and therefore fails

to provide a factual basis for the affirmative defense of unclean hands.

V.

THE COURT SHOULD PRECLUDE ANY EVIDENCE OFFERED TO PROVE THE<br/>SEVENTH AFFIRMATIVE DEFENSE, THAT NJMG FAILED TO MITIGATE DAMAGES

Fox News' seventh affirmative defense is that NJMG's, "claim, or recovery thereon, is

barred, in whole or in part, because and/or to the extent that it failed to mitigate its alleged

damages." (Pirro Dkt. 15 at 4/8; Baier Dkt. 22 at 5/22)

Fox News claims that NJMG's failure to recognize a retroactive license that Fox News

obtained from the Associated Press after NJMG commenced the <u>Pirro Action</u> constitutes a

failure to mitigate damages. When asked ████████████████████████████████

8



████ Brandi responded, ████████████████████████████████

(Dunnegan Dec. Ex. A at 39:24-40:3) In response to counsel's follow up question asking, ████

████████████████████████████████████████████████████████

████ Brandi affirmed, ████ (Dunnegan Dec. Ex. A at 42:12-15)   Fox News offered

the same defense in the <u>Baier Action</u>. (Dunnegan Dec. Ex. B at 7)(████████████████

████████████████████████████████████████████████████

████████████

Failure to mitigate damages is not an affirmative defense to a copyright claim. <u>Coach, Inc.</u> <u>v. Kmart Corporations</u>, 756 F. Supp.2d 421, 431 n. 5 (S.D.N.Y. 2010)("Notably, this defense is most commonly applied in breach of contract and tort actions...Defendants have not cited to, and this Court has not found, any case applying a mitigation of damages defense to claims similar to [the copyright and trademark infringement] asserted by Plaintiffs."). "Furthermore, various courts have held that because statutory damages are penal in nature, the affirmative defense of mitigation of damages has no application to the imposition of such damages (including those recoverable under the Copyright Act)." <u>Point 4 Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.</u>, 11-CV-726 (CBA), 2013 WL 4409434 at *33, n. 57 (E.D.N.Y. Aug. 2, 2013), <u>report and</u> <u>recommendation adopted as modified</u>, 11-CV-00726 (CBA)(RLM), 2013 WL 5502852 (E.D.N.Y. Oct. 1, 2013).

Even if failure to mitigate damages could be a defense to a copyright claim for statutory damages, NJMG's failure to accept Fox News' fee for a retroactive license cannot provide the basis for such a defense. As the Court held in <u>Pirro</u>, retroactive licenses are not valid in the Second Circuit. <u>N. Jersey Media Grp. Inc. v. Pirro</u>, 13 Civ. 7153 (ER), 2015 WL 1086566, at *4 n. 6 (S.D.N.Y. Mar. 9, 2015)(citing <u>Davis v. Blige</u>, 505 F.3d 90, 109 (2d Cir. 2007)). To the extent

retroactive licenses have any legal significance, they function only as releases or settlements for past infringements. See Davis, 505 F.3d at 101-02. ("We conclude that the district court decisions relied upon by the District Court are distinguishable from the instant case insofar as they involved retroactive licenses granted pursuant to negotiated settlements of accrued infringement claims...Settlements are generally retrospective and exclusively between the parties to the settlement—the unauthorized user and the owner; and, absent clear language to the contrary, they are not licenses for future use.").

VI.

THE COURT SHOULD PRECLUDE ANY EVIDENCE OFFERED TO PROVE THE EIGHTH<br>AFFIRMATIVE DEFENSE, THAT A COPYRIGHT CLAIM WOULD VIOLATE<br>FOX NEWS' FIRST AMENDMENT RIGHT TO FREE SPEECH

Fox News' eighth affirmative defense is that NJMG's claim is barred because Fox News' "actions and speech are protected by the First Amendment of the United States Constitution." (Pirro Dkt. 15 at 4/8; Baier Dkt. 22 at 5/22)

When asked ███████████████████████████████████████ Brandi responded, ███████████████████████████████████████████ ████████████████████████████████████████████████████ ██████████████████████████████ (Dunnegan Dec. Ex. A at 42:23-43:6)   Brandi further went on to clarify that ██████████████████████████████ ███████████████████████████████████████████ (Dunnegan Dec. Ex. A at 44:4-7) Fox News asserted the same theory in the Baier Action. See Dunnegan Dec. Ex. B at 7 ████████████████████████ ██████████████████████████████████████████████████████ ████████ ).

10

No First Amendment defense exists because Fox News' fair use defense makes it redundant. Sarl Louis Feraud Int'l v. Viewfinder, Inc., 489 F.3d 474, 482 (2d Cir. 2007)("With regard to the protections provided by the First Amendment for the unauthorized use of copyrighted material, this court has held that absent extraordinary circumstances, 'the fair use doctrine encompasses all claims of first amendment in the copyright field.'")(quoting Twin Peaks Prods., Inc. v. Publications Int'l, Ltd., 996 F.2d 1366, 1378 (2d Cir. 1993)); Nihon Keizai Shimbun, Inc. v. Comline Bus. Data, Inc., 166 F.3d 65, 74 (2d Cir. 1999)("We have repeatedly rejected First Amendment challenges to injunctions from copyright infringement on the ground that First Amendment concerns are protected by and coextensive with the fair use doctrine.").

VII.

THE COURT SHOULD PRECLUDE ANY EVIDENCE OFFERED TO PROVE<br/>THE NINTH, TENTH, AND ELEVENTH AFFIRMATIVE DEFENSES

In the Baier Action, Fox News admitted ███████████████████████████████ ██████████████████████████████████████████████████████████████ ███████████████████████████████████ (Dkt. 22 at 3/22) Therefore, Fox News has no need to offer evidence in support of these three affirmative defenses.

This admission follows the refusal of Fox News in the Pirro Action to disclose a factual basis of its ninth, tenth, and eleventh affirmative defenses.

Fox News' ninth affirmative defense is that "To the extent Plaintiff lacks a valid interest in the work at issue in the Complaint that has been duly registered with the United States Copyright Office, this Court lacks subject matter jurisdiction over Plaintiff's claim for copyright infringement." (Pirro Dkt. 15 at 5/8) When counsel for NJMG ██████████████████ ████████████████████████████████ The transcript provides:

11



(Dunnegan Dec. Ex. A at 47:7-19)

Fox News' tenth affirmative defense is that "To the extent Plaintiff lacks a valid interest in the work at issue in the Complaint that has been duly registered with the United States Copyright Office, Plaintiff lacks standing to assert a claim for copyright infringement." (Pirro Dkt. 15 at 5/8) Again, Brandi ███████████████████████████████████ The transcript provides:



(Dunnegan Dec. Ex. A at 51:13-22)

Fox News' eleventh affirmative defense is that NJMG, "is entitled to no relief because it lacks any ownership interest in the work that was allegedly copied." (Pirro Dkt. 15 at 5/8) Again, Brandi ████████████████████████████. The transcript provides:



(Dunnegan Dec. Ex. A at 51:23-52:21)

VIII.

THE COURT SHOULD PRECLUDE ANY EVIDENCE TO PROVE THE TWELFTH
AFFIRMATIVE DEFENSE OF COPYRIGHT MISUSE IN THE PIRRO ACTION

Fox News' twelfth affirmative defense in the <u>Pirro Action</u> is that NJMG's "…claim, or

recovery thereon is barred, in whole or in part, by the doctrine of copyright misuse." (Pirro Dkt.

15 at 5/8)  Fox News is no longer asserting this defense.[4]

IX.

THE COURT SHOULD PRECLUDE ANY EVIDENCE OFFERED TO PROVE THE
TWELFTH AFFIRMATIVE DEFENSE OF LICENSE IN THE BAIER ACTION

Fox News' twelfth affirmative defense in the <u>Baier Action</u> is that "Plaintiff's claim is

barred because [Fox News] had a license to use the work at issue in the Complaint." (Baier Dkt.

22 at 6/22) In Fox News' response to the contention interrogatories, it stated that the factual basis

---

[4]        We base this upon drafts of the Joint Final Pretrial Statement, which is not yet finalized.

for this defense was that ███████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

███████████████████████████ (Dunnegan Dec. Ex. B at 8)  This is simply a repeat of

part of the basis for Fox News' fourth affirmative defense of waiver based upon Franklin's

alleged statement that the Photograph could be used ████████████████ Just as this evidence

is insufficient as a matter of law to support its waiver defense, it is, as a matter of law,

insufficient to support an affirmative defense of license.

X.

THE COURT SHOULD PRECLUDE ANY EVIDENCE OFFERED TO PROVE THE<br>THIRTEENTH AFFIRMATIVE DEFENSE, PUBLIC INTEREST

Fox News' thirteenth affirmative defense is that NJMG's claim and recovery are barred

because they are "not in the public interest." (Pirro Dkt. 15 at 5/8; Baier Dkt. 22 at 6/22). Fox

News admits that its thirteenth affirmative defense is limited to injunctive relief and is equitable

in nature, and should therefore not be tried before the Jury.[5]

---

[5]      We base this upon drafts of the Joint Final Pretrial Statement, which is not yet finalized.

XI.

## THE COURT SHOULD PRECLUDE ANY EVIDENCE TO PROVE THE FOURTEENTH AFFIRMATIVE DEFENSE, THAT NJMG SUFFERED NO DAMAGES

Fox News' fourteenth affirmative defense is that NJMG "is entitled to no relief because it has suffered no damages as a result of the matter at issue." (Pirro Dkt. 15 at 5/8; Baier Dkt. 22 at 6/22)

The absence of damages is not an affirmative defense to a claim for copyright infringement. 17 U.S.C. § 504(c)(1) states that, "the copyright owner may elect, at any time before judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action." Copyright law allows plaintiffs to recover either actual or statutory damages. Warner Bros. Inc. v. Dae Rim Trading, Inc., 877 F.2d 1120, 1126 (2d Cir. 1989)("Statutory damages are awarded when no actual damages are proven or they are difficult to calculate."). Many courts have therefore stricken the defense of "no damages" in the copyright context. See e.g. Purzel Video GmbH v. St. Pierre, 10 F. Supp.3d 1158, 1170 (D. Colo. 2014) ("Likewise, because actual damages are irrelevant to a claim for statutory damages, Defendant St. Pierre's defense that Plaintiff suffered no damages should be stricken."); Cassetica Software, Inc. v. Computer Scis. Corp., 11 C 2187, 2011 WL 4431031, at *5 (N.D. Ill. Sept. 22, 2011)("Because a lack of actual damages does not call Cassetica's right of recovery into question, the defense of lack of damages is stricken with prejudice.").

XII.

THE COURT SHOULD PRECLUDE ANY EVIDENCE TO PROVE THE
FIFTEENTH AFFIRMATIVE DEFENSE, THAT FOX NEWS GAINED NO REVENUES

Fox News' fifteenth affirmative defense is that NJMG is entitled to no relief because Fox

News "gained no revenue or profits as a result of the matter at issue." (Pirro Dkt. 15 at 5/8; Baier

Dkt. 22 at 6/22)

The absence of revenue or profits is not an affirmative defense to a claim for copyright

infringement. 17 U.S.C. § 504(c)(1) provides for statutory recovery regardless of actual profit. 17

U.S.C. § 504(c)(1) ("the copyright owner may elect, at any time before judgment is rendered, to

recover, instead of actual damages and profits, an award of statutory damages for all infringements

involved in the action"). See Warner Bros. Inc. v. Dae Rim Trading, Inc., 877 F.2d 1120, 1126 (2d

Cir. 1989)("Statutory damages are awarded when no actual damages are proven or they are

difficult to calculate.").

XIII.

THE COURT SHOULD PRECLUDE ANY EVIDENCE OFFERED TO
PROVE THE SIXTEENTH AFFIRMATIVE DEFENSE, THAT
FOX NEWS WAS NOT A WILLFUL INFRINGER

Fox News' sixteenth affirmative defense is that NJMG's "damages, if any, are limited

because FNN has not committed willful infringement." (Dkt. 15 at 6/8; Baier Dkt. 22 at 6/22)

This is not an affirmative defense. Copyright infringement is a strict liability tort.

Faulkner v. Nat'l Geographic Soc., 576 F. Supp. 2d 609, 613 (S.D.N.Y. 2008)("Copyright

infringement is a strict liability wrong in the sense that a plaintiff need not prove wrongful intent

or culpability in order to prevail.").

XIV.

THE COURT SHOULD PRECLUDE ANY EVIDENCE TO PROVE
THE SEVENTEENTH AFFIRMATIVE DEFENSE, THAT
FOX NEWS WAS AN INNOCENT INFRINGER

Fox News' seventeenth affirmative defense is that "If there is a finding of infringement in this action, Plaintiff's damages, if any, are limited by FNN's innocent infringement." (Pirro Dkt. 15 at 6/8; Bair Dkt. 22 at 6/22)

Copyright is a strict liability offense and innocent infringement cannot affect liability, but only the amount of damages. See Lipton v. Nature Co., 71 F.3d 464, 471 (2d Cir. 1995)("Intent or knowledge is not an element of infringement.")(quoting Fitzgerald Publishing Co. v. Baylor Publishing Co., 807 F.2d 1110, 1113 (2d Cir. 1986)); Faulkner v. Nat'l Geographic Society, 576 F. Supp.2d 609, 613 (S.D.N.Y. 2008)("Even an innocent copier…is liable although lack of culpability may bear on statutory damages where those are in issue").

Regardless, Fox News is not an innocent infringer as a matter of law. To establish innocent infringement, the defendant must show that it "was not aware and had no reason to believe that [its] acts constituted an infringement of copyright." 17 U.S.C. 504(c)(2). "Thus an infringer must meet a two-pronged burden of proof to establish innocence: (1) a subjective good faith belief in that state of grace which was (2) objectively reasonable under the circumstances." Childress v. Taylor, 798 F. Supp. 981, 994 (S.D.N.Y. 1992).

Fox News cannot justify its infringement as innocent under the second part of the test. Fox News admitted it knew of NJMG's copyright in the Photograph before September 11, 2013.  See N. Jersey Media Grp. Inc. v. Pirro, 13 Civ. 7153 ER, 2015 WL 1086566, at *3 (S.D.N.Y. Mar. 9, 2015)("It is undisputed that Fox News obtained two sublicenses from the AP for use of the Work on July 29, 2013.").

17

Fox News cannot rely on a fair use defense to support a finding of innocent infringement. If an infringer believes the use is a fair use, the infringer must have some reason to believe the acts may constitute an infringement of copyright. See Nat'l Football League v. PrimeTime 24 Joint Venture, 131 F. Supp.2d 458, 477 (S.D.N.Y. 2001)("The Court's independent research has not turned up any case where a defendant who knew of the plaintiff's copyright claim but disagreed with the claim was held an 'innocent' infringer. Such a defendant may not be a willfull infringer, *see, e.g., Infinity Broadcasting* discussed above, but is not an 'innocent' infringer...Use of the 'innocent infringer' damage reduction of § 504(c)(2) appears to have has been limited to cases where the defendant (often unsophisticated) proves that it did not know about plaintiff's copyright and immediately ceased its infringing conduct upon being made aware of plaintiff's copyright claim." See also Infinity Broad. Corp. v. Kirkwood, 63 F. Supp.2d 420, 425 (S.D.N.Y. 1999)(not granting the plaintiff "innocent infringer" status even though "Kirkwood had a well considered position that his activities did not infringe Infinity's rights on two independent bases [one of which was fair use]")).

The admissions of Georeen Tanner ("Tanner"), who posted the Pirro Image, and Katy Ricalde ("Ricalde"), who posted the Baier Image, demonstrate as a matter of law that Fox News had reason to believe that its conduct would be copyright infringement.  Although Tanner and Ricalde ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ (Dunnegan Dec. Ex. C at 81:4-12; Dunnegan Dec. Ex. D at 106:21-24), ██████████████████████████████████ (Dunnegan Dec. Ex. C at 71:15-17; Dunnegan Dec. Ex. D at 86:9-23), ████████████████ ██████████████████████ (Dunnegan Dec. Ex. C at 71:18-20; Dunnegan Dec. Ex. D at 86:21-23) However, ████████████████████████████████████████████ (Dunnegan

18

Dec. Ex. C at 26:13-18; Dunnegan Dec. Ex. D at 106:25-107:8), and ███████████████

█████████████████████████████████████████████ (Dunnegan Dec. Ex. C

at 82:22-83:9; Dunnegan Dec. Ex. D at 107:9-14) A media professional's ███████████

██████████████ is not the basis for an innocent infringer defense.

    Before posting the Pirro Image, Tanner █████████████████████████

████████████████ (Dunnegan Dec. Ex. C at 82:10-21)  She also ███████████████

████████████████████████████ (Dunnegan Dec. Ex. C at 82:22-83:9)

Although ███████████████████████████████ (Dunnegan Dec. Ex. C

at 72:16-23), ████████████████████████████████ (Dunnegan

Dec. Ex. C at 74:12-17)

    Before posting the Baier Image, Ricalde █████████████████████

███████████ (Dunnegan Dec. Ex. D at 191:15-20) Ricalde testified ████████████

████████████████████████████████████████████████████████

███████████████ (Dunnegan Dec. Ex. D at 80:10-25) ███████████████████

█████████████████████████████████████████████████████████████

(Dunnegan Dec. Ex. D at 115:8-25) Quoting from Fox News' Employee Handbook, Ricalde also

testified that ██████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████ (Dunnegan Dec. Ex. D at 79:12-19)

    Putting aside the actions of the two employees posting the images, Fox News' inadequate

training of its employees concerning copyright compliance prevents Fox News from being an

innocent infringer.  There can be no reasonable dispute that Fox News did virtually nothing to train

its employees to make decisions concerning the unlicensed use of a copyrighted work. The

"training" that Fox News provided its employees involved no more than ████████████████

████████████████████████████████████████████████████████████████████████████████████

████████████

████████████████████████████████████████████████████████████████████████████████████

████████████████████████



The training that this ████████████████ provided was wholly ineffective. Tanner

admitted that ██████████████████████████████████████ (Dunnegan Dec. Ex. C at 66:5-10),

that ██████████████████████████████████████████ (Dunnegan Dec. C at

64:9-12), and that ████████████████████████████████████████████████

██████████████████████████████████████████████. (Dunnegan

Dec. Ex. C at 67:16-23)  Similarly, Ricalde ██████████████████████████

██████████████████████████████████████████ (Dunnegan Dec.

Ex. D at 77:25-78:12)  At her deposition, Ricalde ██████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████████ (Dunnegan Dec.

Ex. D at 79:12-19) Thus, Ricalde thought that ███████████████████████

████████████████████████████████████████████████████████

████████████████████████████████

   ██████████████████████████. ████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████

      ██████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████████████

████████████████████

██████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████

Courts have rejected employers' claims of innocent infringement based upon their failure to adequately train their employees who were responsible for making decisions about copying potentially copyrighted works. Basic Books, Inc. v. Kinko's Graphics Corp., 758 F. Supp. 1522, 1544-45 (S.D.N.Y. 1991)("Kinko's has failed to prove it was an innocent infringer by failing to show its good faith. Kinko's should have known that it was infringing plaintiffs' copyrights… Kinko's instructions to its workers possessed little of the nuance of the copyright law. They provided no hypothetical situations nor any factual summary of the state of the law presently …This can hardly be considered a 'good faith' effort on Kinko's part to educate their employees. To the contrary, it appears more to be a way to 'cover' themselves while Kinko's remained willfully blind to the consequences of their activity."). Fox News should have known that its inadequate training would lead its employees to engage in acts of copyright infringement.

Furthermore, Fox News cannot be an innocent infringer because of its extensive experience in copyright. Fox News is a successful news corporation that (i) produces its own content and (ii) regularly licenses its content to third parties as a licensor and (iii) regularly licenses the content of others as a licensee.

A defendant's sophistication in the copyright field may prevent it from being an innocent infringer. See D.C. Comics Inc. v. Mini Gift Shop, 912 F.2d 29, 35-36 (2d Cir. 1990)("The level

of sophistication of the defendant in business is an entirely proper means of determining whether or not his infringement was innocent."); Branch v. Ogilvy & Mather, Inc., 772 F. Supp. 1359, 1365 (S.D.N.Y. 1991)("Furthermore, given the fact that Christopher Quillen was a senior creative director with ten years' experience in commercial art—some of which involved purchasing the right to use copyrighted works—the court concludes that the statutory minimum should not be reduced in this case."); Little Mole Music v. Spike Inv., Inc., 720 F. Supp. 751, 755 (W.D. Mo. 1989)("In the present case, the court is convinced that defendants cannot be characterized as innocent infringers…Indeed, given the fact that defendants were experienced operators, in the jukebox business since at least the late 1970s, it strains credibility to conclude that they failed to even suspect that Comp–Tech had not obtained licenses for 1986."). Fox News' failure to provide proper copyright training to its employees, especially after the filing of the Pirro Action, should preclude Fox News as a matter of law from being an innocent infringer.

Even though the same evidence may be admissible on another issue, the Court would still simplify the trial by preventing Fox News from offering evidence on the affirmative defense of innocent infringement, because Fox News should not have enough evidence to present that issue to the jury.

XV.

THE COURT SHOULD PRECLUDE ANY EVIDENCE TO PROVE
THE EIGHTEENTH AND NINETEENTH AFFIRMATIVE
DEFENSES INVOLVING INJUNCTIONS

Fox News' eighteenth and nineteen affirmative defenses concern only injunctive relief. The eighteenth affirmative defense provides that "Plaintiff's demand for a preliminary injunction is moot." (Pirro Dkt. 15 at 6/8; Baier Dkt. 22 at 6/22) The nineteenth affirmative defense provides that "Plaintiff is not entitled to a preliminary injunction because Plaintiff has not

suffered, and will not suffer, irreparable harm." (Pirro Dkt. 15 at 6/8; Baier Dkt. 22 at 6/22) Fox

News agrees with NJMG that these defenses should not be presented to the Jury.[6]

XVI.

THE COURT SHOULD PRECLUDE ANY EVIDENCE TO PROVE
THE CATCHALL TWENTIETH AFFIRMATIVE DEFENSE

Fox News' twentieth affirmative defense provides that it "reserves the right to assert and

rely upon other defenses that become available or appear during the course of this action." (Pirro

Dkt. 15 at 6/8; Baier Dkt. 22 at 6-7/22) This is not a proper affirmative defense, but Fox News'

attempt to unilaterally amend its pleadings whenever it sees fit.  That would violate the fair

notice requirement of F.R.C.P. 8 and circumvent F.R.C.P. 15.   It is too late for Fox News to

identify an additional affirmative defense. See Cty. Vanlines Inc. v. Experian Info. Sols., Inc.,

205 F.R.D. 148, 158 (S.D.N.Y. 2002)(striking affirmative defenses of "additional affirmative

defenses").

Conclusion

For the reasons set forth above, NJMG respectfully requests that the Court preclude Fox

News from offering evidence in support of its first and fourth through twentieth affirmative

---

[6]      We base this upon drafts of the Joint Final Pretrial Statement, which is not yet finalized.

defenses.

Dated:  New York, New York
        December 16, 2015

                                        DUNNEGAN & SCILEPPI LLC


                                    By _____
                                        William Dunnegan (WD0415)
                                        wd@dunnegan.com
                                        Richard Weiss (RW4039)
                                        rw@dunnegan.com
                                    Attorneys for Plaintiff
                                        North Jersey Media Group Inc.
                                    350 Fifth Avenue
                                    New York, New York 10118
                                    (212) 332-8300