UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

NORTH JERSEY MEDIA GROUP INC.,                   :

                    Plaintiff,                            :

         -against-                                                               13 Civ. 7153 (ER)
                                                              :
FOX NEWS NETWORK, LLC,                                                             ECF Case
                                                             :
                  Defendant.
                                                              :
---------------------------------------------------------------x

NORTH JERSEY MEDIA GROUP INC.,                   :

                    Plaintiff,                            :

         -against-                                              :               14 Civ. 7630 (ER)

FOX NEWS NETWORK, LLC AND                        :       ECF Case
JOHN DOE NOS. 1 – 5,
                                                             :
                  Defendants.
                                                              :
---------------------------------------------------------------x

PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN
OPPOSITION TO DEFENDANT'S MOTION FOR
SUMMARY JUDGMENT BASED UPON THE
DEFENSES OF FAIR USE AND *DE MINIMIS* USE


DUNNEGAN & SCILEPPI LLC
Attorneys for Plaintiff
  North Jersey Media Group Inc.
350 Fifth Avenue
New York, New York 10118
(212) 332-8300

Plaintiff North Jersey Media Group Inc. ("NJMG") respectfully submits this supplemental memorandum to address the significance of the ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮ (Dunnegan Dec. Ex. A) that defendant Fox News Network, LLC ("Fox News") disclosed on December 4, 2015, and produced pursuant to court order on December 14, 2015.

I.

THE ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ IN ITSELF CREATES A QUESTION OF FACT AS TO THE COMMERCIAL "PURPOSE" OF FOX NEWS' POSTING OF THE BAIER IMAGE

A jury could reasonably find that Fox News uses social media, such as Facebook, for the commercial purpose of promoting its television shows. (Baier Dkt. 112-2 at 41:12-24) We would therefore expect that a jury could reasonably find that Fox News posted the Baier Image on the Baier Facebook Page for the commercial purpose of promoting the television show "*Special Report with Bret Baier*." If that were the case, Fox News' use of NJMG's copyrighted Photograph for the purpose of promoting Fox News' for-profit television show should weigh heavily against Fox News in the Factor 1 analysis. On Davis v. The Gap, Inc., 246 F.3d 152, 175 (2d Cir. 2001)("[T]he work, being an advertisement, is at the outer limit of commercialism. See Campbell, 510 U.S. at 585, 114 S. Ct. 1164 ('The use, for example, of a copyrighted work to advertise a product ... will be entitled to less indulgence under the first factor ... than the sale of [the new work] for its own sake.')").

In addition, the commercial nature of the use assumes greater importance because the Baier Image, like the Pirro Image, is not substantially transformative. (Pirro Dkt. 71 at 17/26) See also, On Davis, 246 F.3d at 175 ("In this case, as in *Sony,* the secondary use is not transformative. The question whether the new use is commercial thus acquires an importance it does not have when the new work is transformative.").

However, Fox News argues that Factor 1 should favor fair use because the Fox News employee who posted the Baier Image – as a matter of law -- did not subjectively intend to promote the Fox News television show. Paragraph 23 of the Katy Ricalde declaration dated November 19, 2015, states:

> "I did not publish the Post to promote the *Special Report* program. My purpose in making the Post was purely expressive." (Baier Dkt. 93 at ¶ 23) (Emphasis added.)

[redacted]

Before December 4, 2015, Fox News had not produced any documents concerning Ricalde, other than [redacted]. As of that date, NJMG therefore had no documentary evidence to challenge Ricalde's self-serving statements concerning her subjective intent in posting the Baier Image.

The [redacted] demonstrates that Ricalde's statements are not credible, or at least a reasonable jury could so find. [redacted] It is not credible that Fox News [redacted] to help Fox News' employees express their personal feelings.

[redacted]

███████████████████████████████████████
███████████████████████████████████
█████████████████████████████████████
██████████████████████████████
████████████████████████████
██████████████████████████████
████████████████████████████████
██████

Accordingly, if Fox News were to call Ricalde live at trial to testify that she posted the Baier Image for "purely expressive" purposes, we doubt that anyone would believe her. Fox News apparently agrees with that conclusion, as Fox News represented to the Court in a letter dated December 16, 2015, that Ricalde "will not testify at trial." (Baier Dkt. 127 at 1/31)

II.

FOX NEWS' SPOLIATION OF ██████████████████ ████████████ SHOULD ALLOW THE JURY TO INFER THAT FOX NEWS HAD A COMMERCIAL PURPOSE IN POSTING THE BAIER IMAGE

████████████████████████████████

████████████████████████ Fox News' spoliation of the evidence should allow the Jury to draw an adverse inference to fill that gap.

Fox News did not preserve the ███████████████████████ ██████████████████████████████████ ████████████████████████████ Indeed, it was responsive to Document Request 7 in the Pirro Action, served March 31, 2014. (Baier Dkt.

3

126) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮ with the intent to deprive NJMG of the information contained in it. (Baier Dkts. 60-71, 75-81, 103, 115, 117, 126-28)   Fed. R. Civ. P. 37(e) allows the Jury to make this finding of fact. Fed. R. Civ. P. 37(e) Advisory Committee's Note to the 2015 Amendment. ("If a court were to conclude that the intent finding should be made by a jury, the court's instruction should make clear that the jury may infer from the loss of the information that it was unfavorable to the party that lost it only if the jury first finds that the party acted with the intent to deprive another party of the information's use in the litigation.").

Indeed, Fox News went to great lengths to avoid disclosing the existence of even the current version of the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. On October 23, 2015, a Hogan Lovells attorney advised Magistrate Judge Maas that Fox News did not have the ▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮ (Baier Dkt. 65 at 7:16-19)   The Hogan Lovells attorney did not, however, advise Magistrate Judge Maas that Hogan Lovells knew that Fox News had ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮, or that a Hogan Lovells attorney had reviewed the ▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ before Mr. Ehrich's deposition on June 16, 2014.

4

After NJMG sought the deposition of Mr. Ehrich on this issue, Fox News resisted providing the deposition of Mr. Ehrich, first, in a November 4, 2015, argument to Magistrate Judge Maas (Baier Dkt. 76), and then in a November 12, 2015, objection to Magistrate Judge Maas's order compelling the deposition. (Baier Dkt. 78) After this Court on November 20, 2015, affirmed the order compelling the deposition of Mr. Ehrich (Baier Dkt. 87), Fox News would not tender Mr. Ehrich for deposition until the afternoon of December 4, 2015.  NJMG's papers in opposition to Fox News' motion for summary judgment were due on December 4, 2015, and essentially completed by the time that Mr. Ehrich's deposition began. (Baier Dkt. 111)  At the December 4, 2015, deposition, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ requiring NJMG to get a further order of the Court.

In these circumstances, a jury could reasonably draw an adverse inference either that Fox News' posting of the Baier Image was for purely commercial purposes, or that Factor 1 disfavors a finding of fair use.  Fox News' motion for summary judgment should therefore be denied.

Dated:  New York, New York
       January 19, 2016

                                              DUNNEGAN & SCILEPPI LLC

                                              By  s/William Dunnegan_____
                                                  William Dunnegan (WD0415)
                                                  wd@dunnegan.com
                                                  Richard Weiss (RW4039)
                                                  rw@dunnegan.com
                                            Attorneys for Plaintiff
                                                North Jersey Media Group Inc.
                                            350 Fifth Avenue
                                            New York, New York 10118
                                            (212) 332-8300